## SECURITIES AND EXCHANGE COMMISSION, Plaintiff–Appellee,

v.

## Michael K. THOMAS and Richard L. Sawyer, Defendants,

### and

## Roger J. Houdek, Defendant–Appellant.

### No. 91–1197.

United States Court of Appeals, Tenth Circuit.

May 22, 1992.

James R. Doty, General Counsel, Jacob H. Stillman, Associate General Counsel, Martha H. McNeely, Sp. Counsel, Brian F. McNally, Sr. Counsel, and Paul Gonson, Solicitor, S.E.C., Washington, D.C., for plaintiff-appellee.

Raul N. Rodriguez and Daniel J. Deters, of Rodriguez & Associates, Denver, Colo., for defendant-appellant.

Before MOORE, TACHA, and BRORBY, Circuit Judges.

BRORBY, Circuit Judge.

Defendant Roger J. Houdek appeals the district court's Judgment and Decree enjoining him from future violations of certain antifraud and registration provisions of the Securities Act of 1933 and the Secu-

rities Exchange Act of 1934.[1] The district court enjoined Defendant from (1) engaging in fraud in connection with the sales of limited partnership securities in violation of section 10(b) of the Securities Exchange Act of 1934, 17 C.F.R. § 240.10b–5, and Rule 10b–5 promulgated thereunder, 15 U.S.C. § 78j(b); (2) engaging in sales of unregistered securities in violation of section 5 of the Securities Act of 1933, 15 U.S.C. § 77e; and (3) as an owner and officer of Colorado Planning Associates, Inc. (CPA), aiding and abetting CPA in engaging in these transactions without registering as a broker-dealer in violation of section 15(a)(1) of the Securities Exchange Act of 1934, 15 U.S.C. § 78o(a).

Defendant appeals, claiming (1) Defendant and CPA did not engage in the sale of unregistered securities; (2) Defendant did not aid and abet CPA's failure to register as a broker-dealer; (3) Defendant did not violate Section 10–b of the Securities and Exchange Act of 1934 by participating in a fraudulent scheme; and (4) injunctive relief is not necessary to prevent future violations. Defendant claims that the district court incorrectly decided the facts and incorrectly applied the law.

As a threshold matter, we note that Defendant, although represented by counsel, filed his brief on the pro se form A–12. Defendant retained counsel subsequent to filing his Notice of Appeal. The clerk inadvertently accepted the pro se brief for filing and therefore notified counsel that, although the form of the brief was incorrect, the Defendant would be allowed to proceed with the brief as filed. However, upon review, we determine that Defendant's failure to comply with the applicable rules is much more extensive.

Defendant has wholly failed to comply with Fed.R.App.P. 28 [2] and various rules of this court, see 10th Cir.R. 28.2, by failing to provide a table of contents with page references, a table of cases and other authorities with page references, a statement of subject matter and appellate jurisdiction, and a standard of review. The omission with which we are most concerned, however, is Defendant's failure to provide us with any supporting references to a voluminous record.[3]

■ Being cognizant of this court's policy of affording leniency to individuals who are appealing pro se, under the circumstances before us in this case, we cannot similarly forgive counsel's total disregard for the rules. Defendant essentially argues that the district court was wrong, without pointing us to the errors of which he complains. "[W]e are not required to manufacture a party's argument on appeal when it has failed in its burden to draw our attention to the error below." *National Commodity & Barter Ass'n v. Gibbs*, 886 F.2d 1240, 1244 (10th Cir.1989).

---

1. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

2. Defendant filed his brief on September 30, 1991. Therefore, the version of Fed.R.App.P. 28 *effective until December 1, 1991*, applies in this case.

3. Fed.R.App.P. 28 states in pertinent part:
   (a) Brief of the Appellant. The brief of the appellant shall contain under appropriate headings and in the order here indicated:
   (1) A table of contents, with page references, and a table of cases (alphabetically arranged), statutes and other authorities cited, with references to the pages of the brief where they are cited.
   . . . .

   (3) A statement of the case. The statement shall first indicate briefly the nature of the case, the course of proceedings, and its disposition in the court below. There shall follow a statement of the facts relevant to the issues presented for review, with appropriate references to the record. . . .
   . . . .
   (e) References in Briefs to the Record. References in the briefs to parts of the record reproduced in the appendix filed with the brief of the appellant (see Rule 30(a)) shall be to the pages of the appendix at which those parts appear. . . .
   Tenth Circuit Rule 28.2(d) states:
   With respect to each issue raised on appeal, the party shall state where in the record the issue was raised and ruled upon.

It is obligatory that an appellant, claiming error by the district court as to factual determinations, provide this court with the essential references to the record to carry his burden of proving error. *Sil-Flo, Inc. v. SFHC, Inc.*, 917 F.2d 1507, 1514 (10th Cir.1990). We therefore decline to "sift through" the record in search of Defendant's contentions of error and hereby affirm the district court. *See United States v. Downen*, 496 F.2d 314, 319 (10th Cir.), *cert. denied*, 419 U.S. 897, 95 S.Ct. 177, 42 L.Ed.2d 142 (1974); *see also Sil-Flo, Inc. v. SFHC, Inc.*, 917 F.2d at 1514 (absent references to the record, we defer to trial court's rulings).

Notwithstanding the basis for our decision, with as much percipience as possible, we have read and considered Defendant's arguments. We are of the firm opinion that, even if Defendant's brief had been in compliance and satisfactory for review, we would find Defendant's arguments to be without merit. Therefore, the judgment of the United States District Court for the District of Colorado is AFFIRMED.