5 F.3d 545
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Cecil COOPER, Plaintiff-Appellant,
v.
HOLIDAY INN and Equal Employment Opportunity Commission,
Defendants-Appellees.
 No. 92-6412.
 United States Court of Appeals, Tenth Circuit.
 Aug. 16, 1993.
 
 Before McKAY, Chief Judge, SETH and BARRETT, Circuit Judges.
 ORDER AND JUDGMENT*
 SETH, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument. Neither party requested oral argument.
 
 
 2
 Appellant Cecil Cooper filed a pro se complaint against Holiday Inn and the Equal Employment Opportunity Commission (EEOC) alleging negligence by the EEOC in an investigation of a charge of employment discrimination that Appellant had filed against Holiday Inn. Appellant's complaint also possibly alleged that the EEOC entered into a conspiracy to commit an offense against, or to defraud, the government. The EEOC moved to dismiss for failure to state a claim on which relief could be granted and for lack of subject matter jurisdiction. The district court granted the motion on July 7, 1992 because Appellant failed to respond. The court subsequently dismissed the complaint as to Holiday Inn on November 4, 1992 due to Appellant's failure to perfect service.
 
 
 3
 We are cognizant of this court's policy of affording leniency to pro se parties. See Securities and Exchange Commission v. Thomas, 965 F.2d 825, 826 (10th Cir.); Meade v. Grubbs, 841 F.2d 1512, 1526 (10th Cir.). However, we are unable to determine from Appellant's brief where the errors lie in the decision by the district court. Appellant makes no reference to either dismissal by the district court, and in fact never mentions either the EEOC or Holiday Inn. He further altered the style of the case to read "Mr. Cecil Junior Cooper vs. McAlseter Oklahoma Correctional Department and Wardon El Conglomerate Staffe." Since Appellant's original complaint alleged purely civil violations against the EEOC and Holiday Inn which were apparently unrelated to any confinement or conviction of Appellant, Appellant appears to be raising issues on appeal which are beyond our jurisdiction.
 
 
 4
 Appellant has made no reference to any of the parties or issues relating to his claim below. "[W]e are not required to manufacture a party's argument on appeal when it has failed in its burden to draw our attention to the error below." National Commodity & Barter Ass'n v. Gibbs, 886 F.2d 1240, 1244 (10th Cir.). Even construing Appellant's brief as liberally as possible, we are unable to make out a cognizable claim against the district court's orders.
 
 
 5
 Accordingly, the orders of the District Court for the Western District of Oklahoma are AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3