**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 11 1997**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

TIMOTHY G. MCNEEL,

    Plaintiff-Appellant,

v.

PUBLIC SERVICE COMPANY OF
COLORADO, a Colorado corporation,

    Defendant-Appellee.

No. 96-1280
(D.C. No. 93-K-2304)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **ANDERSON**, **LUCERO** and **MURPHY**, Circuit Judges.

---

Plaintiff Timothy G. McNeel appeals from the entry of summary judgment

in favor of his former employer, defendant Public Service Company of Colorado

("Public Service"). Mr. McNeel contends the district court erred with respect to

his claims under the Americans With Disabilities Act ("ADA"), 42 U.S.C. §

---

[*]The case is unanimously ordered submitted without oral argument pursuant to
Fed. R. App. P. 34(a) and 10th Cir. R. 34.1.9. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. The court generally disfavors the citation of orders and judgments;
nevertheless, an order and judgment may be cited under the terms and conditions of 10th
Cir. R. 36.3.

12101 et seq., the Rehabilitation Act of 1973, 29 U.S.C. § 701 et seq., and the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 et seq.[1] We exercise jurisdiction pursuant to 28 U.S.C. § 1291, and affirm.

Appellant was an employee of Public Service from 1990 until 1992. In 1990, he was suspended for one day following his dissemination of an offensive e-mail message containing religious and sexual comments about his supervisor, Susan Hawk. In 1991 he again received an official reprimand, this time for making sexist and racist remarks to clients. Hawk gave appellant an "unsatisfactory" rating on his 1991 annual performance evaluation.

Subsequently, appellant underwent liver enzyme tests. He was diagnosed with Hepatitis C, which apparently causes fatigue and loss of appetite, and may ultimately necessitate a liver transplant. Appellant discussed his medical condition and potential treatment needs with Hawk. Thereafter, he began reporting to Mark Severts, who was also aware of his illness. In appellant's 1992 performance evaluation, Severts rated him "fully competent."

A corporate reorganization occurred in April of 1992, and many positions within Public Service were revised. All but a few employees were required to

---

[1]On appeal, McNeel's sole reference to ERISA appears in his Statement of Subject Matter and Appellate Jurisdiction. He has therefore abandoned this claim, and we do not address it further. See Ambus v. Granite Bd. of Educ., 975 F.2d 1555, 1558 n.1 (10th Cir. 1992) (issue mentioned in appellate brief deemed waived if not addressed), modified on other grounds on reh'g, 995 F.2d 992 (10th Cir 1993).

reapply for "new" positions. The application process required applicants to rate the positions they sought in order of preference. Appellant applied for nine positions, none of which reported to Hawk. Four of the prospective positions reported to Thomas Currigan, four to Severts, and one to Stephen Volstad. Appellant was not selected for any of these reorganized positions and was laid off. This action ensued.

We review the district court's grant of summary judgment de novo. Webber v. Mefford, 43 F.3d 1340, 1342 (10th Cir. 1994). Summary judgment is appropriate where "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Ultimately, the question is "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Bingaman v. Kansas City Power & Light Co., 1 F.3d 976, 980 (10th Cir. 1993) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986)).

Appellant contends his medical condition precipitated Public Service's decision not to rehire him. Cases involving the Rehabilitation Act and the ADA are analyzed under the burden-shifting framework set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), and its progeny. See Morgan v. Hilti, Inc.,

108 F.3d 1319, 1323 (10th Cir. 1997).  To qualify for relief under the ADA,[2] a plaintiff must establish (1) he is "disabled"; (2) he is qualified (able to perform essential functions of job with or without reasonable accommodation); and (3) the employer took adverse action on account of his disability.  See White v. York Int'l Corp., 45 F.3d 357, 360-361 (10th Cir. 1995).

We assume without deciding that appellant has established a prima facie case.  When such a showing is made, a presumption arises that the employer unlawfully discriminated against the employee.  See Greene v. Safeway Stores, Inc., 98 F.3d 554, 558 (10th Cir. 1996) (quoting St. Mary's Honor Center v. Hicks, 509 U.S. 502, 506 (1993)).  The burden then shifts to the defendant, who can rebut the presumption by "articulat[ing] a facially nondiscriminatory reason for the adverse employment decision."  Marx v. Schnuck Markets, Inc., 76 F.3d 324, 327 (10th Cir. 1996).  Here, Public Service contends appellant was not rehired because other applicants had preferable qualifications and work histories.  There can be little doubt that these are facially nondiscriminatory reasons for hiring one person over another.  Public Service has carried its burden, thereby rebutting the presumption of discrimination.

---

[2]The ADA provides: "[n]o covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a).

Consequently, in order to prevail, appellant must "show that there is a genuine dispute of material fact as to whether the employer's proffered reason for the challenged action is pretextual—i.e. unworthy of belief." Randle v. City of Aurora, 69 F.3d 441, 451 (10th Cir. 1995), cert. denied, 116 S. Ct. 2552 (1996). Pretext is established where a plaintiff demonstrates "that a discriminatory reason more likely motivated the employer or that the employer's proffered explanation is unworthy of credence." Marx, 76 F.3d at 327-28 (citation and quotation omitted). Upon such a showing, the case proceeds to trial. Ingels v. Thiokol Corp., 42 F.3d 616, 622 (10th Cir. 1994).

Appellant argues that Public Service's proffered reasons are pretextual, but puts forth little evidence in support of that contention. He maintains Hawk made comments which evidence disability-based discrimination. However, in order to support an inference of discrimination, appellant must demonstrate a nexus between the discriminatory remarks and the challenged action. See Cone v. Longmont United Hosp. Ass'n, 14 F.3d 526, 531 (10th Cir. 1994). He is unable to do so. Hawk was not involved in the layoff decisions about which appellant complains.

With respect to Public Service management under whom appellant applied to work and who therefore have the requisite nexus under Cone, none displayed discriminatory animus. There is insufficient evidence in the record to conclude

that Thomas Currigan or Stephen Volstad knew of appellant's medical condition at the time they selected others, over appellant, to fill the vacant positions.[3] As a result, discriminatory intent may not be inferred. See Phelps v. Field Real Estate Co., 991 F.2d 645, 650 (10th Cir. 1993).

Mark Severts presents a closer question. It is undisputed that Severts knew of appellant's illness throughout the reorganization process. Appellant contends Severts went from being "warm and friendly" to "very distant and . . . not friendly" after learning of his illness, asked on several occasions about the contagious nature of the illness,[4] and made comments concerning "work

---

[3]The only evidence suggesting Currigan or Volstad knew of appellant's illness prior to the time he was laid off is appellant's assertion that both Currigan and Volstad participated in reorganization meetings involving extensive discussion of personnel issues. Even when viewed in a light most favorable to appellant, see Kaul v. Stephan, 83 F.3d 1208, 1212 (10th Cir. 1996), such a contention, standing alone, is insufficient to create a genuine issue of material fact regarding their knowledge of appellant's medical condition at the time the rehiring decisions were made.

[4]The force of appellant's assertion regarding Severts' inquiries about the contagious nature of his illness is substantially undercut by his own testimony:

Q:  "I think what you said was [Severts] asked you about the contagious aspect of the disease five times."
A:  "Right, but it wasn't—I mean it was not like he just came up to me and said, 'You are really not contagious, are you?' No, it was within the context of a conversation about how are you doing, how is it going, are you sure you shouldn't be away from this environment, and that kind of thing."

Appellant's App. at 81.

performance and lost time."[5]  Given our review of the record, these allegations are too nebulous to stave off summary judgment.

Severts explained in detail why he selected others for the open positions, see Appellant's App. at 48-53, and appellant does not dispute that the individuals selected were "as qualified" or "more qualified" than he, id. at 133.  Additionally, appellant concedes (1) Severts' knowledge of his medical condition had no impact whatsoever on the favorable performance evaluation given to him by Severts after Severts learned of his illness, id. at 80; (2) Severts was concerned about appellant's health, id. at 81-82; (3) Severts treated him in a professional manner, id. at 82; and (4) Severts never displayed an adverse reaction to appellant's illness "like [the one] from Su Hawk," id.

We agree with the district court that appellant has failed to put forth sufficient evidence indicating a genuine dispute of material fact regarding whether Public Service's proffered reasons for the challenged employment action were pretextual.  This case cannot be submitted to a jury because "it is so one

---

[5]Beyond his contention that such comments were made, appellant does not specifically identify the context or substance of Severts' remarks concerning "work performance and lost time."  We searched the record but were unable to locate more evidence on this point.  In evaluating these allegations, we note that appellant must provide "essential references to the record to carry his burden of proving error."  SEC v. Thomas, 965 F.2d 825, 827 (10th Cir. 1992).

sided that [Public Service] must prevail as a matter of law." <u>See</u> <u>Bingaman</u>, 1 F.3d at 980.

AFFIRMED.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge