**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 6 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

ROUTH L. EFFINGER,

Plaintiff-Appellant,

v.

JOHN J. CALLAHAN, Acting
Commissioner, Social Security
Administration,[*]

Defendant-Appellee.

No. 97-7001
(D.C. No. 95-CV-333)
(E.D. Okla.)

---

ORDER AND JUDGMENT[**]

---

Before ANDERSON, LOGAN, and EBEL, Circuit Judges.

---

[*]    Effective March 31, 1995, the functions of the Secretary of Health and Human Services in social security cases were transferred to the Commissioner of Social Security.  P.L. No. 103-296.  John J. Callahan was appointed Acting Commissioner of Social Security, effective March 1, 1997.  Pursuant to Fed. R. App. P. 43(c), John J. Callahan is substituted for Shirley S. Chater as the defendant in this action.  Although we have substituted the Acting Commissioner for the Secretary in the caption, in the text we continue to refer to the Secretary because she was the appropriate party at the time of the underlying agency decision.

[**]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Plaintiff Routh L. Effinger appeals the district court's affirmance of the decision of the Secretary of Health and Human Services terminating previously awarded disability insurance benefits and denying his application for supplemental security income benefits. After four administrative hearings and two remands by the Appeals Council, the Appeals Council ultimately denied review of the administrative law judge's (ALJ) decision dated June 24, 1994. Plaintiff filed suit in federal court, and the magistrate judge issued findings and recommendations concluding that the agency's decision was correct. The district court affirmed and adopted the magistrate judge's report in an order dated October 24, 1996.

On appeal, plaintiff contends that the ALJ (1) failed to consider all of the medical evidence regarding his mental impairments, (2) failed to give proper weight to the determinations and opinions of plaintiff's treating medical sources, and (3) improperly substituted his own "medical" opinion for that of plaintiff's

physicians, while failing to properly consider the Veteran's Administration award based on a total disability finding.[1]

Agency regulations establish a five-step sequential analysis to evaluate disability claims.  See Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir. 1988) (describing five steps in detail).  The ALJ reached step five of the analysis.  The ALJ concluded that plaintiff was no longer disabled as of February 1988 and could perform a full range of sedentary work, limited only by his inabilities to have more than minimal interaction with others and to tolerate more than a normal degree of stress.  We review the agency's decision only to determine whether the decision is supported by substantial evidence based on the record as a whole and whether the correct legal standards were applied.  Castellano v. Secretary of Health & Human Servs., 26 F.3d 1027, 1028 (10th Cir. 1994).

Plaintiff contends first that the ALJ did not consider all of the medical evidence regarding his mental functioning, arguing that the ALJ essentially

---

[1]  In addition to these issues, in the concluding section of his opening brief plaintiff asserts that the ALJ applied an incorrect legal standard because he relied on an absence of evidence to conclude that plaintiff was no longer disabled, i.e. the ALJ effectively shifted the burden of proof to plaintiff.  This argument was not raised before either the district court or agency.  However, even if we were to consider the argument, it is not applicable to this case.  Here, the ALJ did not rely on an absence of evidence.  The record contains ample evidence on which the ALJ could rely to conclude either that plaintiff has organic brain syndrome with accompanying limitations precluding work, or that plaintiff's functioning is not so impaired as to preclude work.

ignored over twenty pages of medical notes and opinions from plaintiff's treating sources. This is a sufficiency-of-the-evidence argument and ignores the ALJ's reliance on consulting psychiatric sources and his credibility determination. It is clear from the ALJ's discussion of the medical evidence that he reviewed and considered plaintiff's treating sources' notes and opinions, although his discussion focuses on the consulting sources' reports and inconsistencies between them and the notes and diagnoses from plaintiff's treating sources.

Plaintiff argues that the ALJ erred in giving more weight to the reports of the three consulting psychiatric sources than he gave to the reports and opinions of plaintiff's treating sources. Again, this is essentially a sufficiency argument, as plaintiff contends that "massive records" support his allegations of a disabling mental impairment. Although the ALJ's decision could have been clearer on this point, we conclude that the opinion as a whole contains specific and legitimate reasons for choosing to rely on the consulting rather than treating sources. See Goatcher v. United States Dep't of Health & Human Servs., 52 F.3d 288, 290 (10th Cir. 1995). The ALJ identified numerous inconsistencies among the medical reports and within plaintiff's own testimony and responses to psychiatric tests. These inconsistencies were noted and commented upon by the agency's consulting psychiatric sources; they believed that plaintiff was manipulating his answers and test results. After a complete review of the medical evidence, the

ALJ agreed. On that basis and in light of the number and extent of the inconsistencies in the medical evidence, the ALJ relied on the consulting sources' diagnoses and concluded that plaintiff's testimony lacked credibility.

Subsumed within this issue is plaintiff's argument that the ALJ failed to give proper consideration to the Veteran's Administration award of benefits to plaintiff based on a diagnosis of Post-Traumatic Stress Disorder. Plaintiff contends that the ALJ discounted the VA's decision based solely on his determination that plaintiff was not credible. Although the ALJ rejected the VA's conclusion that plaintiff was disabled in part because that diagnosis was based solely on plaintiff's own allegations, the ALJ's decision as a whole clearly discusses the discrepancies of the medical evidence in the record as a basis for his credibility finding. The ALJ did not err in relying on the consulting sources and his decision contains specific and legitimate reasons for doing so.

Finally, plaintiff contends that the ALJ substituted his own opinion for medical opinion. Beyond abstract argument and contentions that the ALJ "made his own evaluation of the medical impact of the objective findings," plaintiff simply cites to four pages from the ALJ's decision and a single page from the medical record. He does not state why this citation is relevant to his argument, and relevance is not apparent from reference to those pages without further, more specific, comments. This court has previously held that it will not comb through

the record where counsel has not provided specific references tied to an argument. See SEC v. Thomas, 965 F.2d 825, 827 (10th Cir. 1992). We see no support for plaintiff's argument, and thus conclude this issue lacks merit.

Although this is a close case because of the volume and contradictory nature of the medical evidence, the ALJ's decision is thorough and well-supported. Accordingly, we AFFIRM the district court's judgment affirming the agency's decision.

Entered for the Court

James K. Logan
Circuit Judge