**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 19 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

JANE ROE,

        Plaintiff-Appellant,

v.

CHEYENNE MOUNTAIN
CONFERENCE RESORT, INC.,

        Defendant-Appellee.

No. 98-1138
(D.C. No. 95-WY-2152-CB)
(D. Colo.)

---

**ORDER AND JUDGMENT** *

---

Before **ANDERSON** , **KELLY** , and **LUCERO** , Circuit Judges.

---

       After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

\*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Jane Roe (a pseudonym used for purposes of privacy) appeals the district court's attorney fee award on her claims brought pursuant to the Americans with Disabilities Act (ADA), 42 U.S.C. § 12112(d)(4)(A). As the prevailing party in the underlying litigation, plaintiff is entitled to attorney fees pursuant to 42 U.S.C. § 12205. In a prior appeal, this court directed the district court to determine the appropriate amount of attorney fees and costs to be awarded to plaintiff. See Roe v. Cheyenne Mountain Conference Resort, Inc., 124 F.3d 1221, 1234 (10th Cir. 1997) ( Roe I). On remand, the district court made various reductions to plaintiff's attorney fee request of $196,371.22, and awarded $100,080.47 to plaintiff. We dispense with another recitation of the underlying facts. See id. at 1226-27.

On appeal, plaintiff objects to the following reductions made by the district court: (1) $15,000 for plaintiff's failure to file a charge with the EEOC prior to instigating this litigation; (2) $15,000 for plaintiff's settlement posture; (3) fees incurred by attorney Walta for professional expert witness services; (4) reductions for unreasonable number of hours expended, duplication of services and failure to keep adequate and contemporaneous records; and (5) a reduction of fifty attorney hours on plaintiff's state law claims. Plaintiff also claims the district court's denial of her motion to compel discovery was reversible error.

An attorney fee award under the ADA is treated similarly to fee awards under Title VII and 42 U.S.C. § 1988.    See Roe I, 124 F.3d at 1232.  We review the district court's fee award for an abuse of discretion.    See Malloy v. Monahan, 73 F.3d 1012, 1017 (10th Cir. 1996).    The facts underlying a fee award are reviewed for clear error.    See Mann v. Reynolds, 46 F.3d 1055, 1062 (10th Cir. 1995).  The burden is on the fee applicant to establish her entitlement to an award and to document the reasonable hours expended and hourly rates.    See Hensley v. Eckerhart, 461 U.S. 424, 437 (1983).

Plaintiff first objects to the district court's reduction of $15,000 based on her failure to file an EEOC claim before bringing suit, claiming the reduction was punitive, not supported by the record, and not related to a specified number of hours of attorney time.  The district court concluded that the EEOC would have found the challenged drug policy unlawful, but that defendant would have resisted changing its policy even in the face of an adverse ruling by the EEOC.  Therefore, the district court made only a modest reduction in the fees plaintiff requested. The district court fulfilled its obligation to consider on remand "whether the plaintiff's decision to bypass the EEOC initially increased the cost of the litigation unnecessarily."    Roe I, 124 F.3d at 1234.  The district court provided the requisite "concise but clear explanation of its reasons for the fee award," Hensley, 461 U.S. at 437, and there is no indication that the reduction was

punitive. The district court was within its discretion to make a general reduction in fees to comport with what it ascertained was reasonable.    See Carter v. Sedgwick County   , 36 F.3d 952, 956 (10th Cir. 1994).

Plaintiff also objects to the district court's reduction of $15,000 based on her settlement posture. As directed,     the district court "determine[d] whether either or both parties [bore] responsibility for the delay in resolving this case," Roe I, 124 F.3d at 1234, and concluded that both plaintiff and defendant were responsible for the delay. Plaintiff argues that the district court erred in finding that only her own attorney was at fault. The record clearly shows that the district court found that attorneys for both parties were at fault. We conclude that the district court did not abuse its discretion in reducing the fee awarded to plaintiff for this reason.    See Ellis v. University of Kan. Med. Ctr.     , Nos. 96-3343 & 96-3344, slip op. at 34-36, 1999 WL 6431 (10th Cir. Jan. 11, 1999) (affirming reduction in attorney fees due to delay in filing stipulation for dismissal).

The district court denied plaintiff's application for fees incurred by Greg Walta, an attorney hired as an expert to testify on plaintiff's attorney fee application. Plaintiff maintains that she engaged Mr. Walta's services to prepare for the possibility that an evidentiary hearing would be held and that the district court did not inform the parties until shortly before the hearing that evidence would not be taken. On this record, we agree with the district court that plaintiff

-4-

could have ascertained the nature of the hearing before committing substantial sums to Mr. Walta. Furthermore, because no evidentiary hearing was held, Mr. Walta's assistance was not "actually necessary or essential to proper representation." Case v. Unified Sch. Dist. No. 233, 157 F.3d 1243, 1252 (10th Cir. 1998). We find no abuse of discretion in this ruling.

Plaintiff next complains that the district court failed to identify each hour of attorney time that was unreasonable, duplicative or inadequately recorded, and therefore, a remand is required for further explanation. "[T]he district court need not identify and justify every hour allowed or disallowed, as doing so would run counter to the Supreme Court's warning that a request for attorney's fees should not result in a second major litigation." Ellis, Nos. 96-3343 & 96-3344, slip op. at 33 (quotations and citations omitted).

Plaintiff also challenges the district court's reduction of requested attorney fees due to an unreasonable number of hours expended, duplication of services and failure to keep adequate and contemporaneous records. "[I]t is within a district court's discretion to reduce the number of compensable hours upon determining that the claimed time spent is excessive. Moreover, the court may make a general reduction in hours claimed to achieve what the court perceives to be a reasonable number." Carter, 36 F.3d at 956 (citations omitted). Furthermore, "[w]here the documentation of hours is inadequate, the district court

may reduce the award accordingly." Hensley , 461 U.S. at 433. We have reviewed the record, keeping in mind that the district court has a "superior understanding of the litigation," id. at 437. We find no abuse of discretion in the district court's reduction in the number of hours claimed by plaintiff's attorneys.

Plaintiff alleges the district court erred in reducing the requested attorney fees for her state law claims because the numbers of hours disallowed exceeded the total number of hours billed on these claims. The district court could not determine from the billing records the amount of time spent on each claim. Accordingly, it reduced the time spent by two of plaintiff's attorneys by twenty-five hours each. On appeal, plaintiff has not referred us to any record support for the number of hours billed on these claims. See SEC v. Thomas , 965 F.2d 825, 827 (10th Cir. 1992) (reviewing court will not "sift through" the record to find support for appellant's arguments). We find no abuse of discretion in the district court's reduction of compensable hours on the state law claims. See, e.g. , Hensley , 461 U.S. at 433.

Finally, plaintiff appeals the district court's denial of her motion to compel discovery of defendant's attorneys' billing records and specified correspondence. "We review a district court's discovery orders for an abuse of discretion." Burks v. Oklahoma Publ'g Co. , 81 F.3d 975, 981 (10th Cir. 1996). At the hearing held on December 12, 1997, defendant revealed the rate charged by the losing counsel,

a factor we have held may be relevant in determining a reasonable hourly rate, see Sussman v. Patterson, 108 F.3d 1206, 1212 (10th Cir. 1997). The district court clearly was familiar with both the settlement situation and the reasonable number of hours expended. See Blum v. Stenson, 465 U.S. 886, 899 (1984) (recognizing district court is in best position to determine attorney fees). Therefore, based on this record, we conclude that the district court did not abuse its discretion in declining to compel production. Cf. Anderson v. Secretary of Health & Human Servs., 80 F.3d 1500, 1507 (10th Cir. 1996) ("[W]e have examined plaintiff's requests for further discovery and fail to see how the information she seeks would be relevant to the amount of the fee award.").

Plaintiff's request for fees and costs incurred in this appeal is DENIED. The judgment of the United States District Court for the District of Colorado is AFFIRMED.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge