**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 15 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

DAVID WAYNE LANDRY,

      Plaintiff-Appellant,

v.

NORMAN G. COOPER, Director,
USDA - National Appeals Division;
USDA - NATIONAL APPEALS
DIVISION,

      Defendants-Appellees.

No. 98-7077
(D.C. No. CV-97-596-S)
(E.D. Okla.)

**ORDER AND JUDGMENT** *

Before **TACHA** , **BARRETT** , and **MURPHY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination

---

\*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

of this appeal. <u>See</u> Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

This appeal arises from Appellant David Landry's request for review under the Administrative Procedures Act (APA) of the final decision of the National Appeals Division of the United States Department of Agriculture (USDA). The National Appeals Division upheld the hearing officer's determination that the Natural Resources Conservation Service (NRCS) properly designated certain property as wetland and that the wetland was not an artificial wetland. The NRCS's wetland designation prevented appellant from obtaining a loan from the Farm Service Agency of the USDA for the purchase and development of the property as an aquaculture farm.

Appellant requested review of the agency's final decision, *see* 7 U.S.C. § 6999, and the district court affirmed the USDA's decision. On appeal, we apply the same standards as the district court. *See Santa Fe Energy Prods. Co. v. McCutcheon*, 90 F.3d 409, 413 (10th Cir. 1996). The controlling standards are set forth in the APA. *See* 7 U.S.C. § 6999. Pursuant to 5 U.S.C. § 706, we must set aside the agency decision if it is arbitrary, capricious, an abuse of discretion, otherwise not in accordance with law, or if the record does not contain substantial evidence to support the decision. *See Hoyl v. Babbitt*, 129 F.3d 1377, 1382 (10th Cir. 1997). We will uphold the agency decision if it has a rational basis. *See*

*Northwest Pipeline Corp. v. Federal Energy Regulatory Comm'n*, 61 F.3d 1479, 1486 (10th Cir. 1995). "[O]ur review is ultimately a narrow one," *see Maier v. United States EPA*, 114 F.3d 1032, 1039 (10th Cir.), *cert. denied*, 118 S. Ct. 599 (1997), and we are not free to substitute our judgment for the agency's, *see Northwest Pipeline*, 61 F.3d at 1486.

Having reviewed the administrative record, we cannot say that the agency's decision was arbitrary, capricious, or an abuse of discretion. Further, there is substantial evidence to support the agency decision upholding the wetland designation. In fact, appellant does not dispute that the property is wetland. Instead, he argues that it is an artificial wetland, a former nonwetland that now meets wetland criteria due to the action of man, *see* 7 C.F.R. § 12.2(a). [1]

The hearing officer considered appellant's contention that the wetland was caused by a sewage pond that drained into the property by a man-made ditch. He specifically found that "Appellant submitted no evidence or documentation which would show that this 'action of man' contributed to the 143.3 acres of wetland." [2]

---

[1] If an area is an artificial wetland, it is exempted from ineligibility for the type of loan appellant sought. *See* 7 C.F.R. § 12.5(b)(1)(vii)(A).

[2] Appellee submits that the wetland determination is the only agency finding relevant to this appeal. Appellee's Br. at 14. We disagree. It is clear that the hearing officer specifically found not only that the property was a wetland, but that it was not an artificial wetland. Appellant has argued this point consistently throughout both the administrative process and the judicial review. Indeed, had the hearing officer found that the property was an artificial wetland, there would

(continued...)

Admin. Rec. at 000017.  Appellant points to no specific evidence in either the written or recorded administrative record of how the existence of the sewage pond and ditch caused the wetland.  Appellant's general reference to the hearing tapes in support of his conclusory argument is insufficient.  *See SEC v. Thomas*, 965 F.2d 825, 827 (10th Cir. 1992).  Appellant also cites to the portion of the record containing photographs of the ditch in support of his argument, but we fail to see how the photographs, by themselves, provide evidence that the ditch contributed to the wetland.

The judgment of the United States District Court for the Eastern District of Oklahoma is AFFIRMED.

Entered for the Court

Michael R. Murphy
Circuit Judge

---

[2](...continued)
probably be no appeal for us to consider.  We fail to see how the agency's finding on this question is irrelevant, and appellee does not suggest that the finding was beyond the hearing officer's authority.