**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 15 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

RICHARD D. BLACKBURN,

      Plaintiff-Appellant,

v.

UNITED STATES POSTAL
SERVICE, Postmaster General of the
United States, John Henderson,

      Defendant-Appellee.

No. 00-5173
(D.C. No. 98-CV-776-K)
(N.D. Okla.)

---

**ORDER AND JUDGMENT** *

---

Before **SEYMOUR** , **BRORBY** , and **BRISCOE** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination

of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Richard Blackburn appeals the district court's rulings regarding his proposed jury instructions and the admission of evidence. Because plaintiff has not shown that the district court abused its discretion, we affirm.

Plaintiff initially injured his back during military service in 1974. In 1988, he began working for defendant United States Postal Service (USPS), and in 1990, he reinjured his back by lifting a box of encyclopedias. Plaintiff filed a claim for federal workers' compensation benefits, which was accepted as an on-the-job temporary aggravation of a preexisting condition. Pursuant to federal law, the USPS created a limited duty position for plaintiff to accommodate his medical restrictions.

In 1995 and 1996, while still medically restricted, plaintiff applied for a position in a supervisor training program. Plaintiff was not offered a position because the USPS determined that, given his medical restrictions, he would not be able to perform the essential functions of the job. In 1997, after plaintiff presented a new set of medical restrictions, the USPS offered him a limited duty position which he refused.

In May 1998, the Office of Workers Compensation Programs determined that plaintiff was no longer entitled to benefits because the temporary on-the-job aggravation of his condition had ceased. Because plaintiff was still medically

restricted and the USPS alleged there were no "light duty" jobs available, he was placed in a leave without pay status in July 1998.

Plaintiff brought this action pursuant to the Rehabilitation Act of 1973, alleging the USPS discriminated against him based on his disability and subjected him to retaliation for his various administrative and court proceedings. Before trial, plaintiff drafted and submitted his pretrial order, which alleged that he was disabled because (1) he had a physical impairment which substantially limited one or more of his major life activities; and (2) he was regarded by others as having such an impairment. The pretrial order did not allege that plaintiff was disabled because he had a "record" of having a substantially limiting impairment. For this reason, the district court denied plaintiff's request to instruct the jury that disability could be proved by showing that plaintiff had a record of a substantially limiting impairment.

Plaintiff also asked for instructions regarding the USPS's burden of proving it would have made the same decision absent consideration of plaintiff's disability, and the federal government's enhanced duty to accommodate and to keep records. These instructions were refused, as was plaintiff's request to admit a medical report prepared in March 2000. After a multi-day trial, the jury returned a verdict that, at the time of the alleged wrongful acts, plaintiff was not

disabled or perceived to be disabled, and that the USPS did not retaliate against plaintiff for his discrimination complaint.

We note initially that plaintiff's briefs fail to provide us with any meaningful record citations to support his contentions. Although we could deny his appeal for this reason alone, *see SEC v. Thomas*, 965 F.2d 825, 826-27 (10th Cir. 1992), we will address plaintiff's arguments on their merits.

"[W]e review the district court's decision to refuse to instruct the jury on an issue it concludes is not raised in the pretrial order for an abuse of discretion." *Rios v. Bigler*, 67 F.3d 1543, 1549 (10th Cir. 1995). Plaintiff argues that the district court abused its discretion in refusing to instruct the jury that he could prove disability by showing that he had a "record" of a substantially limiting impairment because (1) the complaint identified this theory, and (2) the jury could have been confused after hearing evidence that would support the theory. It is the pretrial order, however, and not the complaint, that defines the scope of litigation. *See Tyler v. City of Manhattan*, 118 F.3d 1400, 1403 (10th Cir. 1997). Further, plaintiff has not demonstrated how the jury was confused by the evidence presented, and has not cited any authority for the proposition that the evidence mandated such an instruction despite his failure to identify the claim in the pretrial order. We conclude the district court did not abuse its discretion by restricting the jury's consideration to the issues identified in the pretrial order.

Plaintiff argues next that the district court erred in refusing his instructions regarding (1) the USPS's burden after direct evidence of discrimination is presented; (2) the government's heightened duty of accommodation; and (3) the USPS's duty to keep records of prior discrimination complaints. In determining whether the district court erred in refusing plaintiff's instructions, we review for an abuse of discretion, considering *de novo* whether the instructions, as a whole, accurately informed the jury of issues and governing law. *FDIC v. Schuchmann*, 235 F.3d 1217, 1221-22 (10th Cir. 2000). "[I]t is not error to refuse to give a requested instruction if the same subject matter is adequately covered in the general instructions." *Id.* at 1222 (quotations omitted).

Applying these standards, we conclude the district court did not abuse its discretion in refusing plaintiff's instructions. The substance of plaintiff's "direct evidence" instruction, taken from the Supreme Court's mixed motives holding in *Price Waterhouse v. Hopkins*, 490 U.S. 228, 244-45 (1989), was fully explained in the district court's instruction regarding the USPS's burden to prove its affirmative defense. As for plaintiff's instructions regarding the government's heightened duty of accommodation, we need not consider whether the district court erred in failing to so instruct because once the jury decided that plaintiff was not disabled, accommodation was no longer an issue. Finally, the district court did not err in refusing plaintiff's instructions based on *Faragher v. City of*

*Boca Raton*, 524 U.S. 775 (1998), as that case dealt specifically with the concept of vicarious liability and did not state a general rule applying to all discrimination cases. *See id.* at 807-08.

Plaintiff's last argument centers on the district court's refusal to admit a report by Dr. Marilyn Lins regarding plaintiff's medical condition. It appears that at the beginning of the trial the district court ruled without objection that both the testimony of Dr. Lins and her report would be excluded because plaintiff's physical condition in March of 2000 was irrelevant to his condition when the disputed actions took place in 1995 and 1996. *See* Appellant's App. Vol. II at 443-44. Sometime later in the proceedings, plaintiff's attorney moved "for the record" to admit the doctor's report, which was exhibit 63. *Id.* at 643. No objection or offer of proof was made when the district court ruled that the exhibit would not be admitted. *See id.*

When a party seeking to admit evidence fails to make a contemporaneous offer of proof regarding what he expects to show and the purpose for which the evidence is offered, we review the district court's exclusion of the evidence for plain error. *Polys v. Trans-Colorado Airlines, Inc.*, 941 F.2d 1404, 1406-08 (10th Cir. 1991); Fed. R. Evid. 103(a) & (d). In a civil case, the court will reverse only if the error seriously affected the fairness, integrity, or public reputation of judicial proceedings. *Polys*, 941 F.2d at 1408. We conclude that plaintiff has not

shown that the exclusion of Dr. Lins' report was erroneous, and he certainly has not shown that this evidentiary ruling fundamentally affected the fairness of the trial.

The judgment of the district court is AFFIRMED.


Entered for the Court


Mary Beck Briscoe
Circuit Judge