**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 17 2002**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

EARNESTINE MAULTSBY,

      Plaintiff - Appellant,

v.

STATE OF OKLAHOMA;
OKLAHOMA MERIT PROTECTION
COMMISSION; OKLAHOMA
DEPARTMENT OF HUMAN
SERVICES; JENNIE BERRY;
CAROLYN BRYAN; CATHY
DUNCAN; WILLIAM FRANKLIN;
JOHNNIE JONES; DAVID REEVES;
RICHARD RESETARITZ; DEBBIE
SEXTON; CHARLES SLEDGE;
LINDA WATSON, in their individual
capacities,

      Defendants - Appellees.

No. 01-6275
(D.C. No. 00-CV-441)
(W.D. Oklahoma)

---

**ORDER AND JUDGMENT** *

---

Before **O'BRIEN** and **PORFILIO** , Circuit Judges, and **KANE**,** Senior District Judge.

---

\*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

\*\*     The Honorable John L. Kane, Senior District Judge, United States District Court for the District of Colorado, sitting by designation.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff Earnestine J. Maultsby appeals from the grant of summary judgment in favor of defendant Oklahoma Department of Human Services (DHS) on her claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e through 2000e-17. We have jurisdiction under 28 U.S.C. § 1291, and affirm.

Plaintiff was employed by DHS beginning on June 3, 1985, as a claims processor. On May 2, 1995, she hurt her back on the job and filed a worker's compensation claim. DHS placed her on leave without pay status in September or October 1995. On December 9, 1996, the worker's compensation court held that she had failed to link her claim for temporary total disability benefits with her injury and denied total disability benefits. The judge awarded her permanent partial disability benefits. In late September 1997, DHS gave her two weeks to come back to work. She did not do so and, after going through a separation process, DHS fired her on December 10, 1997, for being derelict in her duty.

Proceeding pro se, plaintiff filed suit on March 2, 2000, against the State of Oklahoma, the Oklahoma Merit Protection Board, DHS, and ten current or former

DHS employees, alleging race discrimination and retaliatory action. She sought relief under Title VII; 42 U.S.C. § 1983; the Age Discrimination in Employment Act, 29 U.S.C. §§ 621-34; the Americans with Disabilities Act, 42 U.S.C. §§ 12101-12213; and state law.

Most of plaintiff's claims were dismissed in orders dated February 13, 2001, and March 22, 2001. The remaining defendants moved for summary judgment on the remaining claims–plaintiff's Title VII claim against DHS and her § 1983 claim against the individual defendants. Plaintiff also moved for summary judgment and filed a motion to amend her complaint to add more defendants.

The district court granted defendants' motion for summary judgment and denied plaintiff's motion for summary judgment and motion to amend. The court held that plaintiff's allegations and evidence of race discrimination and retaliation were too conclusory to show that DHS's stated reason for firing her–that plaintiff was derelict in her duty–was a pretext for discrimination or retaliation.

We review the grant of summary judgment de novo. Adler v. Wal-Mart Stores, Inc., 144 F.3d 664, 670 (10th Cir. 1998). Plaintiff is counseled on appeal. She argues that she met her burden to establish a genuine issue of material fact as to pretext which precluded summary judgment in favor of DHS on her Title VII claim. Aplt. Br. at 4-5. She does not appeal the grant of summary judgment to the individual defendants on her § 1983 claim. See id. However, in her

extraordinarily brief argument, plaintiff fails to point to any evidence to establish pretext. Rather, she faults the district court for not identifying what evidence it found insufficient. Id. at 7 (stating that the court "decided that Maultsby failed in her burden of showing pretext without explaining the evidence it considered").

Fed. R. App. P. 28(a)(9)(A) requires plaintiff, as the appellant, to provide citations to the "parts of the record on which the appellant relies." Further, because DHS met its initial summary judgment burden of showing an absence of genuine issues of material fact to be tried, the burden falls on plaintiff, as the nonmoving party, to point to specific facts that establish a genuine issue of material fact for trial. Adler, 144 F.3d at 670-71. Therefore, it is plaintiff's duty to point to specific evidence to show pretext. She has not done so, and this court will not sift through a voluminous record to make her case for her. See SEC v. Thomas, 965 F.2d 825, 827 (10th Cir. 1992). In such a situation, we defer to the district court's rulings. Sil-Flo, Inc. v. SFHC, Inc., 917 F.2d 1507, 1514 (10th Cir. 1990).

Therefore, the district court's judgment is AFFIRMED.

Entered for the Court


Terrence L. O'Brien
Circuit Judge


-4-