**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 18, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

PAUL B. ZACCARDI,

Defendant - Appellant,

and

FRANCES ZIZZO ZACCARDI, a/k/a
FRANCES ZIZZO; SAVED BY
GRACE CHRISTIAN FELLOWSHIP;
UTAH STATE TAX COMMISSION;
WASHINGTON FEDERAL
SAVINGS,

Defendants.

No. 13-4106
(D.C. No. 2:11-CV-00135-RJS)
(D. Utah)

---

**ORDER AND JUDGMENT**[*]

---

Before **TYMKOVICH**, **ANDERSON**, and **BACHARACH**, Circuit Judges.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 32.1.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Defendant and appellant, Paul B. Zaccardi, proceeding *pro se*, appeals the district court's grant of summary judgment to the United States, as well as the court's order of foreclosure and sale of Mr. Zaccardi's property. The sale was ordered in order to satisfy unpaid income tax liabilities attributable to Mr. Zaccardi for the tax years 1996 to 2005. Finding that Mr. Zaccardi has failed to demonstrate any error in the district court's orders, we affirm.

**BACKGROUND**

We begin by observing that what is most distinctive about this appeal is what it lacks: any serious effort by Mr. Zaccardi to refute the district court's reasoning and conclusions. In his five-page opening brief, he provides no coherent argument or relevant and appropriate citations to authorities to support his claim that the district court erred in some particular. Our court has repeatedly stated that an appellant bears the burden of gathering evidence from the record and assembling and presenting pertinent authorities to support his claim of district court error. See Fed. R. App. P. 28(a)(9)(A) ("The appellant's brief must contain . . . appellant's contentions and the reasons for them, with citations to the

authorities and parts of the record on which the appellant relies."); SEC v. Maxxon, Inc., 465 F.3d 1174, 1175 n.1 (10th Cir. 2006) ("[W]e remind appellants of their obligation to support their arguments with legal authority . . . and to provide a record sufficient to allow appellate review."); Rios v. Ziglar, 398 F.3d 1201, 1206 n.3 (10th Cir. 2005) ("To make a sufficient argument on appeal, a party must advance a reasoned argument . . . and it must support its argument with legal authority."); SEC v. Thomas, 965 F.2d 825, 827 (10th Cir. 1992) ("It is obligatory that an appellant, claiming error by the district court as to factual determinations, provide this court with the essential references to the record to carry his burden of proving error."). Otherwise, such parties "risk summary dismissal of their claims." Maxxon, Inc., 465 F.3d at 1175 n.1.

And while we afford Mr. Zaccardi's *pro se* filings a liberal construction, we will not act as his advocate, or excuse his failure to comply with the fundamental and essential rules of appellate practice. See Yang v. Archuleta, 525 F.3d 925, 927 n.1 (10th Cir. 2008) ("Although we liberally construe *pro se* filings, we do not assume the role of advocate."); Ogden v. San Juan County, 32 F.3d 452, 455 (10th Cir. 1994) (holding that *pro se* status "does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure").

That being said, we briefly summarize the history of this case. Mr. Zaccardi failed to file income tax returns for the years 1996 through 2000.

-3-

He also failed to report his income accurately for the years 2001 through 2005. The Internal Revenue Service ("IRS") accordingly computed his federal income tax liability using a variety of methods, including analyzing his bank deposits and utilizing the Information Reporting Program Transcripts ("IRP Transcripts"), which are retrievable computer records maintained by the IRS reflecting data reported by third parties on IRS forms, including W-2, 1099 and 1098 Forms.

As a result of its examination, the IRS determined that Mr. Zaccardi operated, during the relevant years, as a dealer of a business called "Snap-On Tools." He failed to report the profits earned from selling Snap-On tools and supplies, as well as other income. The State of Utah also investigated Mr. Zaccardi, ultimately charging him with tax evasion for the years 1999 and 2000. He pled guilty to attempted tax evasion.

The IRS issued statutory notices of deficiency in 2000. Mr. Zaccardi failed to cooperate and, instead, lodged with the IRS various letters largely containing tax protest theories. Mr. Zaccardi also initiated transfer of title to his house located at 2905 East Durban Road, Sandy, Utah to Saved by Grace Christian Fellowship, an entity which the government argues exists not as a real church but rather as a legal nominee of Mr. Zaccardi, used for the purpose of insulating his property from judgment. As the district court stated, "[o]n May 11, 2001, Mr. Zaccardi transferred the house by quitclaim deed to his mother, Mrs. Lucie Egan. On June 4, 2001, Mrs. Egan transferred the house by quitclaim deed to Frances

Zizzo, then Mr. Zaccardi's fiancé. On November 8, 2004, Mrs. Zaccardi deeded the house to Saved by Grace Christian Fellowship. Uncontested evidence establishes that these transfers were all made without exchanges of money or other instruments of value. On March 16, 2004, the IRS filed notices of federal tax liens against Mr. Zaccardi and Saved by Grace Christian Fellowship and refiled these notices at various times until November 4, 2008." Mem. Decision & Order at 2, R. Vol. 5 at 47.

On February 3, 2011, the government filed a complaint against Mr. Zaccardi, seeking to reduce to judgment the federal income tax assessments for 1996-2005, to foreclose on the federal tax liens against his Sandy, Utah, property and to have the property sold, with the proceeds to be distributed to the United States and others in accordance with their interests. The complaint named four other defendants—Frances Zizzo Zaccardi (hereafter "Frances"), Saved by Grace, Washington Federal Savings and the Utah State Tax Commission—as persons or entities who might claim some right to the real property involved. All claims against the Utah State Tax Commission were resolved, and all claims against Washington Federal Savings were dismissed without prejudice.

Frances answered the complaint, alleging that she had an ownership interest in the property. Mr. Zaccardi filed an answer to the complaint, purportedly on behalf of himself and Saved by Grace. On the government's motion, a default was entered against Saved by Grace.

Mr. Zaccardi filed numerous motions, which were either denied or stricken as frivolous. He failed to comply with the government's written discovery requests, and did not appear for a deposition, as ordered by the district court. Finally, on June 14, 2012, the government moved for summary judgment or, in the alternative, for default judgment as to Mr. Zaccardi and Saved by Grace. Mr. Zaccardi filed a response, but failed to attach any evidence.

While the summary judgment motion was pending, Mr. Zaccardi continued to file motions. On November 5, 2012, the District Court issued an order vacating the oral argument date, noting numerous motions filed by Mr. Zaccardi that were duplicative of motions already denied as frivolous and stating the court's intent to issue a written order on the government's motion for summary judgment, after careful consideration of the parties' briefs.

On November 16, 2012, the district court issued a memorandum decision and order granting the government's motion for summary judgment, granting default judgment as to Saved by Grace and granting judgment to the government. The court concluded that Mr. Zaccardi "fails to present any material facts or legal arguments sufficient to defeat the United States' motion." Mem. Decision & Order at 2, R. Vol. 5 at 47. It explained that Mr. Zaccardi had simply reiterated arguments already rejected as frivolous, including Mr. Zaccardi's claims that he had the authority to relieve judges and government attorneys of their duties, that

the court lacked jurisdiction, and that the government was not a real party in interest.

The district court then entered judgment in favor of the government against Mr. Zaccardi for the unpaid balance of federal income taxes, and related charges, for 1996-2005, amounting to $2,829,697.94 as of June 30, 2012, plus penalties and interest accrued after June 30, 2012. The district court further ordered that the government's tax liens as to the Sandy, Utah, property be foreclosed.

The government subsequently moved for an order of sale of the property, which was granted on December 11, 2012. Ultimately, on June 12, 2013, the district court entered an order confirming the judicial sale of the property and distributing the proceeds based on the government's and Washington Federal Savings' lien priorities.

Mr. Zaccardi filed several post-judgment motions. First, he moved to set aside the district court's summary judgment order, complaining that the judge had not provided his oath of office as demanded by Mr. Zaccardi, and asserting, with no evidentiary support, "that judges receive no less than $25,000.00 for every summary judgment handed down in favor of the 'government' in cases of this nature." Mot. to Set Aside Order at 2, R. Vol. 5 at 74. Mr. Zaccardi further asserted that he was denied due process of law because he was not given an evidentiary hearing. On December 28, 2012, the district court denied Mr. Zaccardi's motion to set aside the district court's summary judgment order,

noting that the arguments were insufficient under Fed. R. Civ. P 60(b) and that they lacked legal and factual support. The court also concluded that there was no good cause to hold a hearing in this case, given the sufficiency of the briefing. Finally, the court held that Mr. Zaccardi's complaint regarding the lack of a hearing was untimely, given that the court gave notice of its intent not to hold a hearing prior to ruling on summary judgment, but Mr. Zaccardi did not object to that notice.

Meanwhile, on December 27, 2012, Mr. Zaccardi moved to reconsider based on "new found evidence" which he failed to identify or provide. He again requested an evidentiary hearing. Mr. Zaccardi also filed a separate request for an immediate evidentiary hearing. The district court denied Mr. Zaccardi's motion to reconsider and his motion for an immediate hearing. The court specifically noted that Mr. Zaccardi failed to identify any allegedly new evidence. The court also warned Mr. Zaccardi that further frivolous filings could lead to sanctions.

On February 12, 2013, Mr. Zaccardi filed three documents: a notice of appeal to the Federal Circuit, a motion to vacate the judgment as void, and a motion to stay eviction. The district court denied the motions to vacate and to stay eviction. It also found that "Mr. Zaccardi's excessive and repetitive motions here are an abuse of the court system." Order Denying Motion for Stay at 2, R. Vol. 5 at 223. Although it declined to issue sanctions against Mr. Zaccardi, the

-8-

court ordered that any future motions from Mr. Zaccardi be immediately terminated.

On June 18, 2013, the Federal Circuit transferred this appeal to this Court, pursuant to 28 U.S.C. § 1631.

**DISCUSSION**

"We review a grant of summary judgment de novo, applying the same standard as the district court." Braswell v. Cincinnati, Inc., 731 F.3d 1081, 1085 (10th Cir. 2013). "We review for an abuse of discretion the district court's refusal to hold an evidentiary hearing." Davoll v. Webb, 194 F.3d 1116, 1139-40 (10th Cir. 1999); United States v. Pearl, 324 F.3d 1210, 1215 (10th Cir. 2003). The district court granted summary judgment to the United States for Mr. Zaccardi's unpaid income tax liabilities for the years 1996 through 2005, and ordered foreclosure of federal tax liens and the sale of Mr. Zaccardi's property. As indicated above, Mr. Zaccardi utterly fails to make any specific and coherent argument challenging the district court's analysis and conclusions.[1] Mr. Zaccardi does not even attempt to show error in the information on which the IRS relied in computing and assessing his tax liabilities for the relevant years. As a result, we have no meaningful basis on which to evaluate his general claim that the district

[1]For example, in the section of his Brief for "Argument and Authorities," Mr. Zaccardi simply cites the "Ceste Que Vie Act of 1666." Appellant's Opening Br. at 3.

court somehow committed error.  We accordingly affirm the district court's well-reasoned and thorough orders and judgment.


## CONCLUSION

For the foregoing reasons, we AFFIRM the judgment of the district court. We DENY Mr. Zaccardi's request to proceed *in forma pauperis* in this court.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge