**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 26, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

DANIEL E. WITTE,

Plaintiff-Appellant,

v.

SHELDON SLOAN,* in his official
capacity with the California State Bar;
RONALD M. GEORGE, Chief Justice,
in his official capacity with the
Supreme Court of California,

Defendants-Appellees.

No. 06-4297
(D.C. No. 2:05-CV-1046-TC)
(D. Utah)

**ORDER AND JUDGMENT***\*\**

Before **HARTZ**, Circuit Judge, **BRORBY**, Senior Circuit Judge and
**TYMKOVICH**, Circuit Judge.

---

\*      On October 7, 2006, Sheldon Sloan became the President of the California
Bar.  In accordance with Rule 43(c)(2) of the Federal Rules of Appellate
Procedure, Mr. Sloan is substituted for Jim Heiting as the defendant-appellee in
this action.

\*\*      After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is
therefore ordered submitted without oral argument.  This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel.  It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Daniel E. Witte, an attorney representing himself pro se, appeals from the district court's decision dismissing his civil-rights complaint for improper venue and declining to transfer the complaint to a district where venue is proper. Mr. Witte also challenges the denial of his requests to hold an evidentiary hearing and to permit him to conduct limited discovery, amend his complaint, and substitute parties. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

## I.     BACKGROUND

Mr. Witte was admitted to practice law in California in January 2001. He was suspended by the California State Bar on September 16, 2003, for failure to pay his annual membership fee. On October 31, 2003, he paid the outstanding amount and was reinstated to full active membership. He sought review of the suspension with the California Supreme Court, but his petition was denied on December 22, 2004.

On December 16, 2005, Mr. Witte filed an action under 42 U.S.C. § 1983 in the United States District Court for the District of Utah against Jim Heiting, in his official capacity as President of the California State Bar, and Ronald George, in his official capacity as Chief Justice of the California Supreme Court, for alleged violations of the First, Fourth, Fifth, Ninth, and Fourteenth Amendments to the United States Constitution. The complaint sought declaratory and injunctive relief, alleging that it was

***not*** requesting that this Federal District Court review or overturn ***any*** past final judgment of any state court . . . but . . . instead [was] challenging the ***general ongoing scheme of practices, customs, regulations, procedures, and rules promulgated in non-judicial settings by the Bar and by the Court*** . . . which continue to place [Mr. Witte] and many members of the Bar in ongoing jeopardy.

R. Vol. I, Doc. 1 at 21–22.

Mr. Heiting and Chief Justice George filed motions to dismiss or transfer venue. The district court concluded that venue was improper under 28 U.S.C. § 1391(b) and declined to exercise its discretion to transfer the case to the Northern District of California under 28 U.S.C. § 1406(a). Mr. Witte filed a motion to reconsider, which the court denied. This appeal followed.

## II.  DISCUSSION

We review de novo the district court's decision to dismiss for improper venue, and we review for abuse of discretion the district court's decision not to transfer the case to another venue. *See Ballesteros v. Ashcroft*, 452 F.3d 1153, 1160 (10th Cir. 2006) ("In civil cases, the question of whether a litigant has brought an action in the proper court is a question of law, while the question of whether to dismiss or transfer an action filed in an improper venue is within the district court's sound discretion." (internal quotation marks omitted)). We also review for abuse of discretion the denial of Mr. Witte's requests for an evidentiary hearing, s*ee Robinson v. City of Edmond*, 160 F.3d 1275, 1286 (10th Cir. 1998); for limited discovery, *see Bell Helicopter Textron, Inc. v. Heliqwest*

*Int'l, Ltd.*, 385 F.3d 1291, 1298–99 (10th Cir. 2004) (jurisdictional discovery); and for leave to amend a complaint, *see TV Commc'ns Network, Inc. v. Turner Network Television, Inc.*, 964 F.2d 1022, 1028 (10th Cir. 1992).

### A.     Venue

The relevant portion of the venue provision states:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in . . . (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated . . . .

28 U.S.C. § 1391(b).  The district court concluded that Mr. Witte had not met the venue standard because all material events took place in California.  Mr. Witte argues that the court committed errors of law and fact in making this determination.  We reject his argument, however, because his opening brief fails to cite to any support in the record.

Federal Rule of Appellate Procedure 28(a)(7) requires that an appellant's brief contain "a statement of facts relevant to the issues submitted for review with appropriate references to the record."  The section of Mr. Witte's opening brief devoted to background facts does not contain any record citations.  *See* Aplt. Br. at 8–15.  Apparently in response to the statements in appellees' briefs that he had failed to comply with Rule 28(a)(7), Mr. Witte's reply brief asserts:  "As Witte noted, *e.g.*, WB 4, 7, all material for background facts and theories was contained, inter alia, in DN 1."  Reply Br. at 1 ("WB" refers to Mr. Witte's opening brief;

"DN 1" refers to Docket Number 1, the complaint). But nothing on pages 4 or 7 of his opening brief contains an adequate reference to the record. The reference to "DN 1" on page 4 of his opening brief, in the Statement of the Case section, is in the following sentence:

> [Mr. Witte] filed this federal lawsuit, DN 1, contending that Appellees' ongoing coercive extraterritorial regulation and assessment (including other tactics described below) A) creates an undue burden and imposes inconsistent regulation and other "harmful effects" upon Appellant's practice of law in Utah, B) is a violation of the Dormant Commerce Clause of the United States Constitution, and C) constitutes one or more inherent "substantial event(s)" in Utah (or an adequate part of the same) for purposes of supporting venue.

Aplt. Br. at 4–5. This one general citation to Mr. Witte's 37-page complaint points to no specific facts and is hardly the page-specific reference required by Fed. R. App. P. 28(e). As for the page 7 citation to the record, it is merely a citation to ¶ 20 of his complaint, which he cites for the proposition that he "is not seeking retroactive relief against either named Appellee or the overturning of any past judgment of suspension." Aplt. Br. at 7.

Mr. Witte's argument section is similarly deficient. Rule 28(a)(9) requires that the appellant's opening brief contain "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." Fed. R. App. P. 28(a)(9). Mr. Witte's eight pages of argument on venue contain four record citations, but none refers to facts relating to venue: one is in a footnote that states what facts he is "***not*** basing his claims" on, Aplt.

Br. at 33 n.36, and the other three are references to the district court's legal analysis in its rulings, *see id*. at 32, 37.

Because Mr. Witte's opening brief fails to cite to any record support for his contention that the district court erred in dismissing his complaint for improper venue, we decline to consider his argument; we will not do his work for him. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840–841 (10th Cir. 2005); *SEC v. Thomas*, 965 F.2d 825, 826–827 (10th Cir. 1992); *Sil-Flo, Inc. v. SFHC, Inc.*, 917 F.2d 1507, 1514 (10th Cir. 1990).

**B.      Request to Transfer Case to the Northern District of California**

Mr. Witte argues that the district court abused its discretion by dismissing his case rather than transferring it to the Northern District of California. The district court ruled that "Mr. Witte's suggested reasons for transfer instead of dismissal, including hypothetical and speculative statute of limitations issues, do not support transfer in the interest of justice." R. Vol. III, Doc. 66 at 2. In support of his position Mr. Witte, citing *Goldlawr, Inc. v. Heiman*, 369 U.S. 463 (1962), asserts that the Supreme Court favors transfer under 28 U.S.C. § 1406(a) rather than dismissal in "situations where venue has been found improper on the basis of closely-contested or unexpected factual findings related to proper jurisdiction and/or venue." Aplt. Br. at 39–40. But *Goldlawr*'s concern was the *prejudice* that a plaintiff could suffer—say, by expiration of the limitations period– if a case were dismissed rather than transferred because of improper

venue. *See* 369 U.S. at 466–67. Although Mr. Witte complains about the financial burden of a second filing fee and having to redraft pleadings, these are not the severe burdens that motivated the enactment of § 1406(a). And on appeal he does not suggest that his claims for declaratory and injunctive relief would be barred by any statute of limitations. Mr. Witte has not shown that the district court abused its discretion in dismissing, rather than transferring, his case.

## C.     Request for a Hearing

Mr. Witte challenges the district court's refusal to hold any hearings in his case, including any hearing concerning venue. Although he acknowledges that we review the district court's decision for abuse of discretion, he asserts that the district court's failure to hold a hearing on venue "directly defied this Court's clear instruction" in *Hustler Magazine v. U.S. District Court*, 790 F.2d 69 (10th Cir. 1986). Aplt. Br. at 25. He claims that "[u]nder *Hustler Mag*[*azine*], a disputed question of venue cannot be decided 'on the briefs' at the trial level without an adequate hearing." *Id.* Mr. Witte's characterization of our *Hustler* decision is not accurate. We ordered a hearing in *Hustler* because the district court had wholly failed to consider the merits of the motion to transfer venue to California. *See* 790 F.2d at 70–71. The district court had decided that it had jurisdiction and it should not transfer its "problems" to another district. *Id.* at 70. We did not say that a decision regarding transfer can never be based on the pleadings without a hearing. Mr. Witte has not demonstrated that the district

court abused its discretion by failing to hold a hearing.

### D. Request for Discovery

Mr. Witte argues that the district court abused its discretion in denying his request for limited discovery related to jurisdiction and venue. He asserts that the denial of discovery precluded, among other things, his ability to gather information about "the nature and extent of the contacts/events between Appellees and Appellant to help substantiate specific personal jurisdiction and venue." Aplt. Br. at 26–27. He claims that "[w]hen limited discovery is needed to properly resolve a preliminary procedural issue (e.g. jurisdiction, venue . . .) but the trial court denies leave for such discovery, an abuse of discretion has occurred." *Id.* at 27 n.20.

Because the district court dismissed the complaint for improper venue, not lack of personal jurisdiction, we need not consider whether the court erred in denying jurisdictional discovery. As for venue, it is unclear whether Mr. Witte ever sought discovery relating to venue; and before the court ruled, he failed to alert it that he needed discovery regarding venue. Mr. Witte's request for discovery is styled as a "Motion for Order Authorizing Limited Jurisdictional Discovery." R. Vol. I, Doc. 31 at 1. We recognize that the body of the motion twice refers to discovery regarding "jurisdiction and/or venue." *Id.* at 2. But the heading of the attached proposed discovery requests is "Summary of Some Key Fact Questions Directly Implicated by *Soma Medical Intern. v. Standard*

-8-

*Chartered Bank*, 196 F.3d 1292 (10th Cir. 1999), and to be Asked of Defendants," *id.* at A-1; and *Soma* did not involve a challenge to venue but only personal jurisdiction, s*ee* 196 F.3d at 1294.  When the appellees responded to the motion, they treated it solely as a request for jurisdictional discovery and did not discuss venue.  Yet Mr. Witte's reply did not argue that he was also requesting discovery for venue.  Moreover, in his response to the appellees' motions to dismiss, nowhere does he assert that he needs additional discovery on venue before the court rules on the motions.  Consequently, when the district court ruled on the motions to dismiss, it had no reason to think that additional discovery on venue was desired.  Mr. Witte has failed to show that the district court abused its discretion in ruling on venue without permitting further discovery.

Mr. Witte did argue in his motion to reconsider that the district court had erred in dismissing the case for lack of venue without allowing additional discovery.  *See* R. Vol. IV, Doc. 75 at 7 n.14.  But on appeal he does not argue why the court should have granted a request for venue discovery that he had not made before the court's ruling; and we see no abuse of discretion in the district court's refusal to reopen discovery at that point in the proceedings.

**E.** **Leave to Amend Complaint**

Mr. Witte argues that the district court abused its discretion by denying his motion to amend his complaint. But because the appellees never filed an answer to his original complaint, he had an absolute right to file an amended complaint and did not need permission from the district court. *See* Fed. R. Civ. P. 15(a). Moreover, he never submitted a proposed amended complaint to the district court. Mr. Witte has not shown that he suffered any prejudice from the district court's denial of his motion to amend his complaint.

**F.** **Request to Substitute a Party**

Mr. Witte asserts that the district court abused its discretion by denying his request to substitute incoming Bar President Sheldon Sloan for outgoing Bar President Jim Heiting. The district court dismissed Mr. Witte's case on October 4, 2006, and Mr. Witte filed his motion for substitution on October 13. The district court denied the motion as moot. Under Federal Rule of Civil Procedure 25(d)(1), Mr. Sloan should have been automatically substituted for Mr. Heiting. Mr. Witte, however, has not demonstrated that he was prejudiced by the district court's action. This court will make the appropriate substitution under Fed. R. App. P. 43(c)(2).

The judgment of the district court is AFFIRMED. The motion of the Sutherland Institute for leave to file a brief as amicus curiae in support of appellant is DENIED. Mr. Witte's Motion to Correct or Modify the Record, or to Amend the Complaint is DENIED.

Entered for the Court

Harris L Hartz
Circuit Judge