**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 26, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

MURTAZA ALI,

     Plaintiff - Appellant,

v.

WALTER DINWIDDIE, Warden, DCCC;
STEVE BECK, Warden, MACC; ANITA
TRAMMELL, Deputy Warden, MACC; LEWIS
MCGEE, Chief of Security, MACC; RONNIE
BOWEN, Captain, MACC; MATTHEW
HAMPTON, Officer, MACC; C. T. HURD,
Unit Manager, MACC; RUSSELL GOLDEN,
Hearing Officer, MACC; PHILLIP WILSON,
Hearing Officer, DCCC; THOMAS SHARP,
Warden's Assistant, MACC; AL BLAIR,
Warden's Assistant, DCCC; DEBBIE L.
MORTON, Designee for Director of DOC;
CURTIS HOOD, Chief of Security; KEVIN
PINKERTON, Unit Manager; CINDY
FALDER, Case Manager; DAVID HUFFMAN,
Case Manager,

     Defendants - Appellees.

No. 09-5151
(N.D. Okla.)
(D.C. No. 4:07-CV-00059-TCK-TLW)

**ORDER AND JUDGMENT**[*]

---

[*] Oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). We have decided this case on the briefs.

     This order and judgment is an unpublished decision, not binding precedent. 10th Cir. R. 32.1(A). Citation to unpublished decisions is not prohibited. Fed. R. App. 32.1. It is appropriate as it relates to law of the case, issue preclusion and claim preclusion. Unpublished decisions may also be cited for their persuasive value. 10th Cir. R. 32.1(A). Citation to an order and judgment must be accompanied by an appropriate parenthetical notation – (unpublished). *Id.*

Before **BRISCOE**, Chief Circuit Judge, **EBEL**, and **O'BRIEN**, Circuit Judges.

Murtaza Ali, an Oklahoma state-prison inmate, brought a 42 U.S.C. § 1983 action claiming, *inter alia*, Correctional Officer Matthew Hampton used excessive force in restraining him in violation of his Eighth Amendment rights.[1] Ali appeals from the district court's entry of summary judgment in favor of all defendants.[2] Because Ali's evidence is sufficient to create a genuine issue of material fact on his claim of excessive force by Hampton,[3] we reverse the summary judgment as to that claim and remand for further proceedings. In all other respects, we affirm.

## I. BACKGROUND

The parties agree on some of the background details. At approximately 7 p.m. on

[1] The named defendants in Ali's amended complaint are Warden Walter Dinwiddie, Officer Hampton, and fourteen other officers and employees of two state penitentiaries. He asserted numerous claims, including one for excessive force. The excessive force claim is limited to Officer Hampton and his supervisor, Captain Ronnie Bowen. The district court granted summary judgment in defendants' favor dismissing all claims against all sixteen defendants. There is no issue of qualified immunity.

[2] Ali does not appeal from the dismissal of all claims against every defendant; rather, his appeal is limited to one issue — "whether the district erred . . . in granting summary judgment to Defendant Hampton on [Ali's] excessive-force claim." (Appellant's Supp. Br. at 2.) *See infra* n.10. Ali does, however, argue on appeal that the district court misused the *Martinez* report, *see Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978), and wrongly denied him discovery. Our remand corrects any improper use of the *Martinez* report to resolve disputed issues of fact at the summary-judgment stage of this litigation. Further, the district court did not abuse its discretion in denying Ali discovery prior to entering summary judgment for Defendants because Ali failed to inform the district court with adequate specificity of the discovery he needed to conduct in order to oppose Defendants' summary judgment motion and the reasons he needed such discovery.

[3] We exercise jurisdiction under 28 U.S.C. § 1291.

November 24, 2005, Hampton ordered Ali out of his cell. Hampton then conducted a

pat-down search for contraband. At some point during the search, Hampton used force

against Ali.

From there, the parties' versions of the incident differ significantly. In his verified

amended complaint,[4] Ali asserts Hampton stopped at Ali's cell, yelled "nine-eleven,"[5]

and ordered him to "[g]et out of [the] cell and place his mother f[.....g] hands on the

wall." (Supp. R. Vol. II at 103.) Ali complied and Officer Hampton then conducted a

pat-down search of Ali. From there on, the gravamen of Ali's claim is that he was

punched and kicked after he was handcuffed and not resisting. His sworn statements

vary, tone and tint, but generally present a consistent theme.[6] When another officer

---

[4] Because Ali's amended complaint was verified, we treat it like a sworn affidavit.
*See Hall v. Bellmon*, 935 F.2d 1106, 1111 (10th Cir. 1991) (a plaintiff's complaint is
treated like an affidavit so long as it "alleges facts based on the plaintiff's personal
knowledge and has been sworn under penalty of perjury.").

[5] Ali construes this comment as a "racial epithet referring to the September 11,
2001 attacks and [his] Arab ethnicity." (Appellant's Supp. Br. at 6.)

[6] In his original verified complaint Ali wrote:

[T]he defendant Hampton furthermore ordered the plaintiff to remove his
shoes. After checking his shoes he threw them on the floor and when the
plaintiff bent down to put his shoes on, he was stricken and pushed to the
wall, which caused him to have an injury to the plaintiff's shoulder, head
and back. He also was repeatedly punched to the head and was kicked
while laying (sic) on the ground.

(Supp. R. Vol. II at 21.)

In his verified amended complaint he said:

Hampton ordered Plaintiff to remove his shoes. After checking Plaintiff's
shoes, Hampton threw them onto the floor, for the Plaintiff to put them
back on. The Plaintiff got one of the shoes back on before Hampton

arrived, the two officers escorted Ali to the security office.[7] He was then taken for a

medical evaluation by the on-duty nurse, who noted he suffered numerous contusions to

his head, bruising and pain to his left shoulder, and abrasions to his right wrist. In the

ensuing weeks, Ali was examined several times by medical staff who reported his

complaints about chronic pain; x-rays were taken. Roughly a year and a half after the

incident, a report from the Chief Medical Officer at the Oklahoma Department of

Corrections Medical Services stated Ali had "limited abduction of his left shoulder."

---

> punched at the Plaintiff's head, grazing the head, pushing the Plaintiff into
> a nearby wall injuring the Plaintiff's shoulder, head and back. After
> ordering to "cuff up," Hampton commenced to repeatedly punch and kick
> Plaintiff in the head as the Plaintiff laid prone on the floor and without
> resistance . . . . Force is not reasonable if the victim is cuffed on the floor.

(*Id*. at 103.)

> In his verified response to the defendant's motion for summary judgment he
claimed:

> 4. Plaintiff followed all orders from Hampton, still I was punched into the
> wall, handcuffed and proceeded with more beating upon me . . . .

> . . .

> 6. 'Spontaneous uses of force' are only warranted when only inmates are
> not <u>cuffed</u> and complying with all orders given to him, and all the while
> <u>Lying Prone</u> and defenseless.

(*Id*. at 198.)

[7] In support of his version of the events, Ali produced his sworn affidavit and
those from two inmates who witnessed the incident, Donald King and Carl Prince. Prince
observed Officer Hampton "repeatedly punching and kicking Ali" before handcuffing
him. (Supp. R. Vol. II at 99.) King attested Officer Hampton "pushed [A]li with his
forearms" causing Ali to "f[a]ll backwards and hit his head on the wall and f[a]ll to the
ground." (*Id.* at 115.) Neither confirms, however, that Ali was kicked and punched by
Hampton after being handcuffed.

(Supp. R. Vol. II at 94.)  Ali asserts the medical evidence subsequent to the November 24, 2005 incident with Hampton, when compared to his previous medical records, demonstrates his injuries were the result of Hampton's excessive use of force. Specifically, the Oklahoma Department of Corrections "Work/Activity/Housing Summary" form completed roughly two months before the incident indicates Ali had "no medical limitations." (*Id.* at 117.)

Defendants present a very different version of events.  They claim Officer Hampton noticed an odor when he walked by Ali's cell and asked him (and his cellmate) about it.  At this point, Hampton noticed Ali's speech was slurred, and ordered him out of his cell in order to conduct a pat down search.  Hampton ordered Ali to turn around and began searching Ali's person.  As Hampton was searching, a plastic baggy with blue pills fell from the waistband of Ali's pants.  When Hampton bent over to pick up the bag, Ali made a movement towards the floor which resulted in the two knocking shoulders causing Hampton to fall backwards.  In response to this contact, Hampton brought up his left arm in a "large circular motion"; his response knocked Ali off balance causing Ali to fall backwards.  (Supp. R. Vol. I at 40.)  Hampton picked up the contraband and placed it in his pocket.  After another corrections officer arrived Ali was handcuffed, escorted to the security office and then to the showers for a strip search.  While strip searching Ali, Hampton noticed something in Ali's hand and ordered Ali to produce it.  Instead Ali swallowed it.  After the strip search, Ali was taken for medical attention and examined by a nurse who observed no significant injuries warranting immediate medical attention. She recommended Ali be taken to the hospital for drug detoxification.  He was

transported to the hospital and returned to the correctional facility at approximately 10 p.m.

## II. STANDARD OF REVIEW

"We review the district court's grant of summary judgment de novo, applying the same legal standard used by the district court." *Garrison v. Gambro, Inc.*, 428 F.3d 933, 935 (10th Cir. 2005). Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).[8] "A[] [dispute] is 'genuine' if there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way." *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998). "A[] . . . fact is 'material' if under the substantive law it is essential to the proper disposition of the claim." *Id.* "When applying this standard, we view the evidence and draw reasonable inferences therefrom in the light most favorable to the nonmoving party." *Garrison*, 428 F.3d at 935.

## III. DISCUSSION

Ali says "Officer Hampton's use of force against him was unprovoked and of an excessive degree and duration." (Appellant's Supp. Br. at 6.) Specifically, he claims "Hampton punched him with a force that sent him reeling into the wall and onto the floor, and then repeatedly kicked and punched him in the head and back — even after he was

---

[8] Effective December 1, 2010, the summary judgment standard previously enumerated in subsection (c) of Rule 56 of the Federal Rules of Civil Procedure was moved to subsection (a), with one word changed from the previous version: genuine "issue" became genuine "dispute." Fed. R. Civ. P. 56 advisory committee's note (2010 Amendments). "The standard for granting summary judgment remains unchanged." *Id.*

handcuffed." (*Id.* at 25.) Ali maintains this evidence was sufficient to create a genuine dispute of material fact concerning the use of excessive force and therefore the district court erred in granting summary judgment to defendants on the excessive force claim.[9] We agree.

"[T]he unnecessary and wanton infliction of pain constitutes cruel and unusual punishment forbidden by the Eighth Amendment." *Hudson v. McMillian*, 503 U.S. 1, 5 (1992) (quotations omitted). To determine whether a prison official's use of force was "unnecessary and wanton," we ask "whether [the] force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."[10] *Id.* at 7. We consider "the need for [the use of] force, the relationship between that need and

_____

[9] Ali initially filed a pro se brief attempting to raise four substantive issues. A solicitous and liberal reading of his pro se brief, *see Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1187 (10th Cir. 2003), reveals only one developed issue for our review (one that includes citations to the record and relevant law) -- an Eighth Amendment claim of excessive force. *See* Fed. R. App. P. 28(a)(9)(A) ("The appellant's brief must contain . . . appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies."); *see also Murrell v. Shalala*, 43 F.3d 1388, 1389 n.2 & 1390 (10th Cir. 1994) (insufficiently framed and developed issue; unchallenged alternative basis for denial of benefits forecloses success on appeal regardless of merits of challenged issue); *SEC v. Thomas*, 965 F.2d 825, 827 (10th Cir. 1992) ("It is obligatory that an appellant, claiming error by the district court as to factual determinations, provide this court with the essential references to the record to carry his burden of proving error.").

We appointed counsel who filed supplemental briefs on Ali's behalf. The supplemental briefs raise only the issue of excessive force.

[10] An excessive force claim has an objective and subjective element--a plaintiff must establish (1) "the alleged wrongdoing was objectively harmful enough to establish a constitutional violation," and (2) the defendant acted with "a sufficiently culpable state of mind", i.e., the force was applied "maliciously and sadistically," rather than "in a good faith effort to maintain or restore discipline." *Smith v. Cochran*, 339 F.3d 1205, 1212 (10th Cir. 2003) (quotations omitted).

the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response." *Id.* at 7 (quotations omitted). Although the extent of the inmate's injury is also relevant, an inmate need not show a "significant injury" or a certain level or type of injury to state a claim. *Id.* at 7, 9; *see also United States v. LaVallee*, 439 F.3d 670, 688 (10th Cir. 2006). "From such considerations inferences may be drawn as to whether the use of force could plausibly have been thought necessary, or instead evinced such wantonness with respect to the unjustified infliction of harm as is tantamount to a knowing willingness that it occur." *Whitley v. Albers*, 475 U.S. 312, 321 (1986).

Not "every malevolent touch by a prison guard gives rise to a federal cause of action." *Hudson*, 503 U.S. at 9. Rather,

> [t]o be cruel and unusual punishment, conduct that does not purport to be punishment at all must involve more than ordinary lack of due care for the prisoner's interests or safety. . . . The infliction of pain in the course of a prison security measure, therefore, does not amount to cruel and unusual punishment simply because it may appear in retrospect that the degree of force authorized or applied for security purposes was unreasonable, and hence unnecessary in the strict sense.

*Whitley*, 475 U.S. at 319. Accordingly, de minimis uses of physical force are excluded from the cruel and unusual punishment inquiry unless "repugnant to the conscience of mankind." *Hudson*, 503 at 9-10 (quotations omitted); *see also Northington v. Jackson*, 973 F.2d 1518, 1524 (10th Cir. 1992).

Here, the district court concluded that "whatever force used by Defendant Hampton was applied in a good-faith effort to restore discipline, and was not applied maliciously or sadistically for the purpose of causing harm." (R. Vol. I at 300.) It noted

Ali's version of the incident, but seemingly did not credit it. But viewing the evidence relevant to the *Hudson* factors in the light most favorable to Ali, as required, reveals genuine issues of material fact as to whether more than de minimis force was applied maliciously and sadistically, rather than in a good faith effort to maintain or restore discipline. *See Hudson*, 503 U.S. at 7.

The summary judgment on the excessive force claim against Hampton is **REVERSED** and the case is **REMANDED** for further consideration consistent with this order and judgment. In light of further proceedings necessary on this claim, the district court should carefully consider Ali's request to conduct appropriate discovery. All remaining claims have either been abandoned or lack sufficient particularity and discussion to warrant our review. *See supra* n.10. With respect to those claims the district court's judgment is **AFFIRMED**.

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge