72 F.3d 138
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Theresa D. SCHAEDE, Plaintiff-Appellant,
v.
THE BOEING COMPANY, Defendant-Appellee.
 No. 95-3068.
 D.C. No. 93-1458-PFK.
 United States Court of Appeals, Tenth Circuit.
 Dec. 13, 1995.
 ORDER AND JUDGMENT[1]
 
 1
 Before TACHA and BARRETT, Circuit Judges, and BROWN,** Senior District Judge.
 
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Plaintiff appeals from the grant of summary judgment in favor of defendant in this employment discrimination action. Plaintiff complains of reverse racial discrimination, gender discrimination, hostile working environment, violation of the Equal Pay Act, and retaliation. In a thorough and thoughtful order, the district court noted plaintiff's failure to file timely administrative objections regarding certain alleged incidents, and then went on to hold she had not demonstrated the existence of a triable issue with respect to any of her claims. We affirm.
 
 
 4
 We review the disposition of a summary judgment motion de novo, using the same standard employed by the district court. Wolf v. Prudential Ins. Co., 50 F.3d 793, 796 (10th Cir.1995). That is, although we view the record in a light most favorable to the party opposing the motion, we will affirm summary judgment when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Roberts v. Wells Fargo AG Credit Corp., 990 F.2d 1169, 1171 (10th Cir.1993).
 
 
 5
 A corollary to this standard, dealing with the sequence and character of the parties' respective burdens, is especially important here. Once the movant demonstrates the absence of factual issues negating its legal entitlement to judgment, the opposing party must present specific evidence disputing those dispositive matters for which she carries the burden of proof. Wolf, 50 F.3d at 796. Accordingly, this court has stressed that, on appeal, it is the appellant's duty to muster, identify, and argue, by particularized reference, the evidence necessary to challenge summary judgment, and that, "[i]n the absence of such specific reference, we will not search the record in an effort to determine whether there exists dormant evidence which might require submission of the case to a jury." Thomas v. Wichita Coca-Cola Bottling Co., 968 F.2d 1022, 1025 (10th Cir.), cert. denied, 113 S.Ct. 635 (1992); see, e.g., Gross v. Burggraf Constr. Co., 53 F.3d 1531, 1546 (10th Cir.1995). This duty also derives from a general rule of appellate advocacy: " 'The brief of the appellant shall contain ... an argument.... The argument shall contain the contentions of the appellant with respect to the issues presented, and the reasons therefor, with citations to the authorities, statutes and parts of the record relied on.' " United States v. Edwards, Nos. 94-5202, 94-5003, 94-5203, 94-5204, 1995 WL 621785 at * 6 (10th Cir. Oct. 24, 1995) (quoting Fed. R.App. P. 28(a)(5)); see also SEC v. Thomas, 965 F.2d 825, 827 (10th Cir.1992).
 
 
 6
 Plaintiff's opening brief[2] has an introductory "Statement of the Facts" containing a lengthy, discursive account of her employment with defendant. However, this amalgamation of background information, potentially relevant complaint, and incidental aspersion is not systematically tied by reference to the later legal/argumentative sections of the brief, some of which are devoid of particularized factual or evidentiary references of their own. In effect, plaintiff has presented a mass of miscellaneous material and left it to this court to collect, organize, and articulate the cumulative legal significance of pertinent items therein with respect to each of her various claims. This court does not construct or flesh out an appellant's arguments; rather, it is the appellant's responsibility to tie the salient facts, supported by specific record citation, to her legal contentions. See Gross, 53 F.3d at 1546. For reasons similar to those informing the decisions cited above, "[such] an appellate [judicial] supplementation of the nonmovant's presentation would not be fair to either the movant or the district court." Thomas, 968 F.2d at 1025.
 
 
 7
 As for those appellate issues facially supported by proper factual and legal argument, our review thereof has not persuaded us of the existence of any reversible error in either the procedure followed or the dispositive analysis articulated by the district court. We therefore affirm the entry of summary judgment in defendant's favor for substantially the reasons stated in the district court's memorandum and order.
 
 
 8
 The judgment of the United States District Court for the District of Kansas is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 **
 Honorable Wesley E. Brown, Senior District Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 [2]
 Plaintiff's single-page reply brief consists of a request that we disregard defendant's answer brief on the ground that it was filed several days late. We deny that request