74 F.3d 1250
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Ayla H. SCHBLEY, Ph.D., Plaintiff-Counter-Defendant-Appellant,
v.
Virginia GRAY, Roxanne Doyle, Defendants-Cross-Claimants-Appellees,
v.
Larry GOULD, Don Schleta, Don Hoy, Ron Fundis, James Murphy,
Leland Bartholomew, Serjit Kasior, James Petree, Anna
Luhman, Jeannine Younger, James Forsythe, Rose Arnold,
Defendants-Cross-Defendants-Appellees.
 No. 95-3063.
(D.C.No. 91-1420-PFK)
 United States Court of Appeals, Tenth Circuit.
 Jan. 16, 1996.
 
 Before TACHA and BARRETT, Circuit Judges, and BROWN,** Senior District Judge.
 ORDER AND JUDGMENT[1]
 BARRETT, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff appeals the district court's entry of summary judgment in favor of defendants on plaintiff's civil rights claims for discrimination and retaliation in his employment as an assistant professor at Fort Hays State University in Kansas. Plaintiff sued the defendant university officials and employees under Title VII and 42 U.S.C.1981, 1983, 1985(3), and 1986, and sued the defendant university students under 1981, 1983, 1985(3), and 1986. Plaintiff also asserted various pendent state claims, which the district court dismissed after concluding that summary judgment was proper on plaintiff's federal claims.
 
 
 3
 The gist of plaintiff's complaint was that there was a conspiracy among various university officials and employees, as well as some students, to adversely affect his employment with the university based on his Lebanese ancestry, his objections to alleged religious discrimination in the hiring of another professor, and his alleged "whistle blowing" activities. Plaintiff contended that he was constructively discharged, because he was induced to resign from his professorial position with the promise of a job in the administration, which never materialized. The district court concluded that there was no evidence from which a reasonable jury could find in favor of plaintiff on any of his civil rights claims and, therefore, entered judgment in favor of defendants on those claims.
 
 
 4
 We review the district court's grant of summary judgment de novo, applying the same standards as the district court under Fed.R.Civ.P. 56(c). Wolf v. Prudential Ins. Co. of Am., 50 F.3d 793, 796 (10th Cir.1995). Pursuant to Rule 56(c), summary judgment shall enter when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Once the moving party meets its initial burden of "showing the absence of a genuine issue of material fact," the nonmoving party "must set forth specific facts showing a genuine issue for trial as to those dispositive matters for which it carries the burden of proof." Wolf, 50 F.3d at 796. "To avoid summary judgment, the evidence must be such that a reasonable jury could return a verdict for the nonmoving party." Vitkus v. Beatrice Co., 11 F.3d 1535, 1539 (10th Cir.1993).
 
 
 5
 Unfortunately, plaintiff's brief on appeal does not assist us in our review of the district court's ruling. Plaintiff's brief fails to set forth the pertinent facts with appropriate citation to the record on appeal and to tie those facts to the cases cited. The brief contains an opening section that is almost thirty pages in length and chronicles plaintiff's employment with the university in a disorganized fashion. Many of the facts asserted are not supported by any reference to the record on appeal, in violation of Fed. R.App. P. 28(a)(6). The brief then contains a single argument section in which plaintiff argues in general fashion that the facts support his Title VII, 1983, 1981, and 1985(3) and 1986 claims against the defendants who are officials and employees of the university.[2] Although plaintiff cites numerous cases in his argument section, he does so in the form of string cites, and does not provide any substantive legal argument tieing the cases to the pertinent facts.
 
 
 6
 Our recent comments on similar derelictions in an appellate brief by plaintiff's counsel are equally applicable here.
 
 
 7
 In effect, plaintiff has presented a mass of miscellaneous material and left it to this court to collect, organize, and articulate the cumulative legal significance of pertinent items therein with respect to each of [plaintiff's] various claims. This court does not construct or flesh out appellant's arguments; rather, it is the appellant's responsibility to tie the salient facts, supported by specific record citation, to [appellant's] legal contentions. See Gross [v. Burggraf Constr. Co.], 53 F.3d [1531,] 1546 [ (10th Cir.1995) ].
 
 
 8
 Schaede v. Boeing Co., No. 95-3068, 1995 WL 736464, at * 1 (10th Cir. Dec. 13, 1995)(unpublished order and judgment). The only claims that plaintiff argues with even marginally proper factual and legal citation are his Title VII claims. Our review of the record convinces us that the district court did not err in granting summary judgment on these claims.
 
 
 9
 The judgment of the United States District Court for the District of Kansas is AFFIRMED.
 
 
 
 **
 Honorable Wesley E. Brown, Senior District Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3
 
 
 [2]
 As plaintiff does not appear to make any argument regarding his claims against the student defendants, we will deem those claims abandoned on appeal. See Dixon v. City of Lawton, 898 F.2d 1443, 1449 n. 7 (10th Cir.1990)