FILED
United States Court of Appeals
Tenth Circuit

January 4, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

ELVIN CLIFFORD WATKINS,

Plaintiff-Appellant,

v.

CLINT B. CRAFT,

Defendant-Appellee.

No. 11-7019
(D.C. No. 6:09-CV-00418-JHP-SPS)
(E.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **GORSUCH**, and **MATHESON**, Circuit Judges.

Plaintiff-Appellant Elvin Clifford Watkins is an inmate in the custody of the Federal Bureau of Prisons. Mr. Watkins filed a *pro se* amended complaint under 42 U.S.C. § 1983, alleging that Clint B. Craft, an Oklahoma Highway Patrol Trooper, violated his constitutional rights on August 13, 2007, during a traffic stop that resulted in Mr. Watkins's arrest and eventual conviction for

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

possessing marijuana with intent to distribute. In response to defendant Craft's motion to dismiss under Fed. R. Civ. P. 12(b)(6), the district court determined that the claims set forth in the amended complaint were barred by the statute of limitations. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

We have reviewed Mr. Watkins's opening brief and have determined that, although he refers to several constitutional amendments, his briefing on all but the excessive force claim is inadequate. *See Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 679 (10th Cir. 1998) ("Arguments inadequately briefed in the opening brief are waived . . . ."). We will therefore limit our analysis to that claim.

We review a Rule 12(b)(6) dismissal *de novo*, construing all facts and inferences in the light most favorable to the appellant. *Casanova v. Ulibarri*, 595 F.3d 1120, 1124-25 (10th Cir. 2010). Because Mr. Watkins is proceeding p*ro se*, this court reviews the record and construes his pleadings liberally. *Id.* at 1125. If Mr. Watkins's amended complaint shows on its face that the applicable statute of limitations has expired, however, dismissal for failure to state a claim is appropriate. *See Aldrich v. McCulloch Props., Inc.*, 627 F.2d 1036, 1041 n.4 (10th Cir. 1980).

"State statutes of limitations applicable to general personal injury claims supply the limitations period for § 1983 claims, but federal law governs the time of accrual of § 1983 claims." *Beck v. City of Muskogee Police Dep't*, 195 F.3d

553, 557 (10th Cir. 1999) (citations omitted). In this case, Oklahoma's two-year statute governs Mr. Watkins's excessive force claim. *See* Okla. Stat. tit. 12, § 95(A)(3); *Meade v. Grubbs*, 841 F.2d 1512, 1522 (10th Cir. 1988). "Since the injury in a § 1983 case is the violation of a constitutional right, such claims accrue when the plaintiff knows or should know that his or her constitutional rights have been violated." *Beck*, 195 F.3d at 557 (internal quotation marks omitted). Thus, "[c]laims arising out of police actions toward a criminal suspect, such as arrest, interrogation, or search and seizure, are presumed to have accrued when the actions actually occur." *Johnson v. Johnson Cnty. Comm'n Bd.*, 925 F.2d 1299, 1301 (10th Cir. 1991); *see also Fox v. DeSoto*, 489 F.3d 227, 233 (6th Cir. 2007) ("A § 1983 claim for excessive force in effectuating an arrest accrues at the time of arrest.").

In appropriate cases, the doctrine of equitable tolling can apply in § 1983 cases and prevent the running of the applicable statute of limitations. As we have explained:

> "[S]tate law governs the application of tolling in a [federal] civil rights action." *Alexander v. Oklahoma*, 382 F.3d 1206, 1217 (10th Cir. 2004). "In general, Oklahoma permits the tolling of a statute of limitations in two circumstances." *Id.* The first circumstance is the existence of a legal disability, which has been applied in cases where a plaintiff's competency is impaired or where the plaintiff has not yet reached the age of majority. *Id.* The second circumstance is when "defendants engage in false, fraudulent or misleading conduct calculated to lull plaintiffs into sitting on their rights." *Id.* (quotation omitted). This court noted also that "[i]n the

-3-

appropriate case, exceptional circumstances may justify tolling a statute of limitations." *Id.* at 1219.

*Young v. Davis*, 554 F.3d 1254, 1258 (10th Cir. 2009) (alterations in original).

In his amended complaint, Mr. Watkins alleges that the events at issue in this case took place on August 13, 2007. *See* R., Doc. 7 at 5-6. Mr. Watkins's claim for excessive force is therefore presumed to have accrued on August 13, 2007 – the day defendant Craft allegedly assaulted him. *See Johnson*, 925 F.2d at 1301. Because we see no reason to depart from this presumption, Mr. Watkins was required to file his initial complaint on or before August 13, 2009. *See* Okla. Stat. tit. 12, § 95(A)(3); *Meade*, 841 F.2d at 1522. But Mr. Watkins did not file his initial complaint until October 27, 2009. *See* R., Doc. 1. His excessive force claim is thus time-barred unless he can establish that the district court should have equitably tolled the limitations period.

Mr. Watkins argued in the district court that the statute of limitations should be tolled based on exceptional circumstances. Specifically, in an "Affidavit" attached to his amended complaint, Mr. Watkins stated:

> Plaintiff ELVIN CLIFFORD WATKINS, #04635-063 went out on a "Writ" on January 08, 2009, to face other legal issue[s] in West Virginia, Martinsburg. Plaintiff, was jailed there about seven (7) months unable to research, litigate[], or do legal typing. This Affidavit is in support of the attached complain[t] if the statute of limitations has expired. Plaintiff, did not [return to] the compound here at Fort Devens [in Massachusetts] until SEPTEMBER 1st, 2009, almost eight (8) months later, therefore plaintiff [has] showed "Good Cause" to why if he's time-barred! And the court[s] can not

-4-

> discriminate against the (B.O.P.), therefore in support of equitable tolling, this case MUST move forward.

R., Doc. 7 at 12. Similarly, in his response to defendant Craft's motion to dismiss, Mr. Watkins alleged that (1) "He was out on a 'Writ' faced with other legal issue[s] and this was out of his control;" and (2) "During those seven-months in the local jail [in West Virginia], he was unable to type[,] litigate, or research in law library." *Id.*, Doc. 28 at 3-4.

We conclude that Mr. Watkins has failed to provide sufficient specificity about (1) his alleged lack of access to writing and legal research materials during his time in West Virginia; and (2) how the alleged lack of access affected his ability to file a timely § 1983 complaint. *See Young*, 554 F.3d at 1258-59 (holding that prisoner failed to state a claim for equitable tolling where prisoner failed to provide sufficient specificity about his alleged lack of access to a law library and his attempts to diligently pursue his claims). The only claim we are dealing with at this juncture is Mr. Watkins's excessive force claim, and Mr. Watkins has not explained specifically why he needed a typewriter or a law library to prepare a timely § 1983 complaint containing the basic allegations supporting that claim or why he was otherwise prevented from "litigating" that claim. Moreover, Mr. Watkins has not alleged that he was in any way prevented from mailing court documents from the jail in West Virginia.

The judgment of the district court is **AFFIRMED**.  Appellant's motion for leave to proceed on appeal in forma pauperis is **GRANTED**, but we remind appellant that he is obligated to continue making partial payments until the entire appellate filing fee has been paid.  Appellant's motion for summary judgment is **DENIED**.  Appellee's motion to strike appellant's motion for summary judgment is **DENIED** as moot.

ENTERED FOR THE COURT,

Scott M. Matheson, Jr.
Circuit Judge