**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 8, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

TAE H. CHON,

Plaintiff-Appellant,

v.

BARRACK OBAMA; GEORGE W.
BUSH; JOHN D. ASHCROFT; ERIC
H. HOLDER, JR.; LORETTA
LYNCH; KEITH OLSON; LYNETTE
WINGERT; JOHN MOSEMAN;
ELIAH WISDEN; VERNON G.
STEJSKAL; BRENDA BEATON;
COLLEEN COEBERGH; BRETT
TOLMAN; STEWART WALZ; JEFF
BRIDGE; TRACY CRENO; SAMUEL
ALBA; BRENT BARNES; LINDA
SANDERS; RICHARD IVES; JACK
FOX; GARY BOWERS; FNU
WILLIAMS, Captain; S. WEBSTER;
FNU BREWERS, Unit Manager; FNU
FLORES, Unit Manager; C.
CASTILLO, Unit Manager; J. BESSE,
Unit Manager; V. LIMON, Case
Manager; L. SILVEIRA, Case
Manager; J. HARRIS, Unit Counselor;
B. MAGANA, Unit Counselor; D.
ESCALANTE, Unit Counselor; J.
WEBSTER, Unit Counselor; FNU
HEURING, Education Staff; FNU
DEGREGORIO, Education Staff; FNU
MARSHALL, Education Staff; FNU
LEEDHAM, Education Staff;
MATHEWS HOSKINS, Education
Staff; MATTHEW BROWN,
Education Staff; FNU FOSTER,
Security Team; FNU MURPHY,
Security Team; FNU SUA, Security

No. 17-4122
(D.C. No. 2:16-CV-00187-DB-BCW)
(D. Utah)

Team; M. CARRIEDO, Security
Team; FNU MILLER, Security Team;
FNU HARA, Security Team; FNU
BROWN, Security Team, a/k/a FNU
Ruelas; FNU BENDA, Security Team;
RICHARD GROSS, Medical Clinic;
FNU SALANDANAN, D.O.
Administrator; FNU RADA; FNU
BLITZ; FNU CASINO; FNU TAN; N.
MCCALL; MARK SHURTLEFF,
Attorney General Office of State of
Utah; JOHN SWALLOW; TYLER
BOELTER; LOMPOC VALLEY
MEDICAL CENTER, a/k/a Lompoc
Healthcare Dist.; STEVEN D.
REICHEL, M.D.; PHILLIP A. WYNN,
M.D.; VISHAL VERMA, M.D.;
UNITED STATES OF AMERICA,

Defendant-Appellees.

---

**ORDER AND JUDGMENT**[*]

---

Before **HARTZ, HOLMES**, and **BACHARACH**, Circuit Judges.

---

[*]     After examining the briefs and appellate record, this panel has
determined unanimously that oral argument would not materially assist in the
determination of this appeal. *See* FED. R. APP. P. 34(a)(2); 10TH CIR. R. 34.1(G).
The case is therefore ordered submitted without oral argument. This Order and
Judgment is not binding precedent, except under the doctrines of law of the case,
res judicata, and collateral estoppel. It may be cited, however, for its persuasive
value consistent with FEDERAL RULE OF APPELLATE PROCEDURE 32.1 and TENTH
CIRCUIT RULE 32.1.

Pro se[1] Plaintiff-Appellant Tae Chon, a federal inmate in California, seeks permission to proceed *in forma pauperis* in order to appeal from the district court's dismissal of his complaint, which alleged violations of federal law pursuant to 42 U.S.C. §§ 1983, 1985, and 1986, and of state law. The district court dismissed Mr. Chon's complaint for failure to state a claim, and Mr. Chon mounts two challenges against that determination on appeal.[2] First, Mr. Chon contends that the district court erroneously dismissed several civil claims pertaining to his conviction without first conducting the necessary analysis under the doctrine of *Heck v. Humphrey*, 512 U.S. 477 (1994). Second, Mr. Chon asserts that he properly objected to, and therefore preserved his right to challenge, the dismissal of his First Amendment retaliation claim, which he alleges neither the magistrate judge nor the district court properly addressed.

We conclude that Mr. Chon's arguments as to the district court's dismissal of the majority of Mr. Chon's claims are waived. We agree with Mr. Chon,

---

[1] We construe the filings of a pro se litigant liberally, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam), but our role is not to serve as his advocate, *see Gallagher v. Shelton*, 587 F.3d 1063, 1067 (10th Cir. 2009).

[2] Although Mr. Chon presented four issues for review in his Opening Brief, two issues—as to the district court's qualified-immunity determinations, and its decision to dismiss several Drug Enforcement Administration defendants—are insufficiently briefed and do not warrant our review. Aplt.'s Opening Br. at 6–7. "[W]e routinely have declined to consider arguments that are . . . inadequately presented, in an appellant's opening brief." *Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007). And "[t]his court has not hesitated to apply this waiver rule to prisoner litigants." *Toevs v. Reid*, 685 F.3d 903, 911 (10th Cir. 2012).

however, that both the magistrate judge and the district court failed to expressly analyze and resolve his First Amendment retaliation claim. Exercising jurisdiction under 28 U.S.C. § 1291, we **grant** Mr. Chon's request to proceed *in forma pauperis*, **affirm in part** as to the district court's dismissal of Mr. Chon's claims under the *Heck* doctrine, and **vacate and remand in part** for further proceedings as to Mr. Chon's First Amendment retaliation claim.

## I

In 2007, Mr. Chon was convicted under 21 U.S.C. § 841(c)(2) for possessing pseudoephedrine with knowledge that it will be used to manufacture methamphetamine. On November 10, 2016, while imprisoned for that conviction, Mr. Chon filed the operative complaint with the Utah federal district court, suing the United States and a bevy of more than forty individuals—including Drug Enforcement Administration ("DEA") agents, prison officials, and federal prosecutors. Mr. Chon presented a number of claims, including a Federal Tort Claims Act ("FTCA") claim, claims for abuse of process and fraud, and claims under 42 U.S.C. §§ 1983, 1985, and 1986. *See* R., Vol. II, at 12 (Am. Compl., dated Nov. 10, 2016). Some of the latter civil-rights claims challenge the constitutionality of the governmental actions leading to his conviction; some challenge his post-conviction treatment in custody.

A magistrate judge issued a Report and Recommendation ("R & R") dismissing all of Mr. Chon's claims. *See id.* at 159 (Report and Recommendation,

4

dated Apr. 24, 2017). Mr. Chon filed three sets of objections to the R & R, on May 11, May 15, and June 14, 2017. The district court adopted the R & R in toto over Mr. Chon's objections. *See id.* at 195 (Order Adopting Report and Recommendation, dated June 20, 2017).

The R & R dismissed a large number of Mr. Chon's claims as barred under *Heck v. Humphrey*. *See id.* at 165–66. The magistrate judge found that Mr. Chon was plainly seeking to invalidate his conviction by filing civil tort actions that "would necessarily imply the invalidity of his conviction or sentence," *Heck*, 512 U.S. at 487, in contravention of the Supreme Court's holding that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact of his confinement," *id.* at 481. *See* R., Vol. II, at 166 ("Plaintiff's present suit, in part, clearly seeks to undermine the validity of his conviction and current confinement, as prohibited under *Heck*."). Accordingly, the magistrate judge held that Mr. Chon could not proceed on his §§ 1983, 1985, or 1986 claims, or on his claims for abuse of process and fraud, without first demonstrating that his conviction had been reversed or otherwise invalidated, which Mr. Chon could not do.

The R & R also discussed an event at Lompoc Federal Correctional Institution ("Lompoc FCI") giving rise to Mr. Chon's § 1985 action for Eighth Amendment violations and First Amendment retaliation. Mr. Chon alleged in his complaint that officers at Lompoc FCI forced him to sleep on a "freeway

5

punishment bunk"[3] as punishment for filing a habeas petition and "using the court system," and that he suffered severe injuries as a result of falling from the bunk and from receiving shoddy after-the-fact care from prison doctors. R., Vol. II, at 30. The R & R dismissed the Eighth Amendment claim arising out of these events, but was silent as to the First Amendment retaliation claim. As noted, the district court adopted the magistrate judge's R & R in full, over Mr. Chon's objections, without elaborating on the magistrate judge's analysis.

## II

The Supreme Court held in *Heck v. Humphrey* that "civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments." 512 U.S. at 486. "Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Id.* at 487. If it would, then the *Heck* bar applies, and "the complaint must be dismissed unless the plaintiff can demonstrate that the conviction is already invalidated." *Id.* If, however, "doctrines like independent source and inevitable discovery, and especially harmless error," *id.* at 487 n.7 (citation omitted), would allow the court to recognize a constitutional violation while upholding the conviction itself as constitutional, the *Heck* bar does not apply, and the "action

---

[3] Unlike typical bunks, "freeway" bunks are located in the walkway between a row of cells and a wall. Mr. Chon claims that he was forced to sleep on a freeway bunk that was approximately five-and-a-half feet off the ground.

should be allowed to proceed," *id.* at 487.

### III

Mr. Chon contends that the district court failed to assess whether his claims under 42 U.S.C. §§ 1983, 1985, and 1986, as well as his abuse-of-process claim would fall within the *Heck* doctrine in the first place. He urges us to hold that the district court neglected to perform the requisite threshold determination mandated by the Supreme Court: namely, that "district court[s] *must* consider whether a judgment in favor of the plaintiff *would necessarily* imply the invalidity of his conviction." *Id.* at 487 (emphases added). Indeed, we have held that "[e]ach of [the plaintiff's] claims must be assessed individually to determine whether [they would be barred under *Heck*]." *Beck v. City of Muskogee Police Dep't*, 195 F.3d 553, 557 (10th Cir. 1999) (disagreeing with the district court's "blanket application of *Heck* to all of Beck's claims"). Our independent review of the record does lend support to Mr. Chon's view that the district court did not individually assess whether Mr. Chon's claims would necessarily imply the invalidity of his conviction.

However, preservation concerns fatally undercut Mr. Chon's efforts to secure relief on these claims. Although Mr. Chon properly preserved his *Heck* objections as to his abuse-of-process claim, R., Vol. II, at 169 (Obj. to Report and Recommendation, dated May 11, 2017), he waived them by inadequately arguing them on appeal. And, as for Mr. Chon's allegedly *Heck*-barred civil-rights

7

claims, the merits of those claims are not properly before us because Mr. Chon failed to preserve them in the manner that our firm-waiver rule demands. A discussion of these distinct preservation failures follows.

**A**

Mr. Chon urges us to reconsider the district court's *Heck* determination as to his abuse-of-process claim. We cannot do so because he has failed to adequately articulate why the abuse-of-process claim eludes the *Heck* bar. Specifically, Mr. Chon fails to tell us how any error by the district court in its *Heck* analysis prejudiced him. *See* FED. R. CIV. P. 61 ("At every stage of the proceeding, the court must disregard all errors and defects that do not affect any party's substantial rights."); *cf. Attorney Gen. of Okla. v. Tyson Foods, Inc.*, 565 F.3d 769, 782 (10th Cir. 2009) ("[E]ven if this court did find that the district court failed to comply with Federal Rule of Civil Procedure 52(a), the error would be harmless and a remand for clarification would not be necessary because we can ascertain from the record the basis for the denial."). And it is well established that "[a]rguments inadequately briefed in the opening brief are waived." *Adler v. Wal-Mart Stores Inc.*, 144 F.3d 664, 679 (10th Cir. 1998). This is true even where the litigant proceeds pro se. *See, e.g.*, *Watkins v. Craft*, 455 F. App'x 853, 854 (10th Cir. 2012) (unpublished) (applying *Adler* to insufficiently-argued pro se claims).

Mr. Chon's averments as to the abuse-of-process claim are minimal. He

8

briefly invokes abuse of process as an issue presented for review, but does not

otherwise uphold his "responsibility to tie the salient facts, supported by specific

record citation, to [his] legal contentions." *United States v. Rodriguez-Aguirre*,

108 F.3d 1228, 1237 n.8 (10th Cir. 1997) (quoting *Schaede v. Boeing Co.*, 72 F.3d

138, *1 (10th Cir. 1995) (unpublished)); *see also Cooper v. Cent. & Sw. Servs.*,

271 F.3d 1247, 1248 n.2 (10th Cir. 2001) (finding waiver of issue identified in the

"statement of issues presented for review" but "not further argued"). Although

we construe liberally Mr. Chon's pro se pleadings, "we will not 'assume the role

of advocate'" and develop his arguments for him. *United States v. Parker*, 720

F.3d 781, 784 n.1 (10th Cir. 2013) (quoting *Yang v. Archuleta*, 525 F.3d 925, 927

n.1 (10th Cir. 2008)).

In the absence of adequate appellate briefing, we decline to opine on

whether the district court committed reversible error in its analysis of whether

Mr. Chon's abuse-of-process claim was properly subject to the *Heck* doctrine.

We accordingly uphold the district court's judgment dismissing Mr. Chon's

abuse-of-process claim on *Heck* grounds.

**B**

Mr. Chon's remaining *Heck*-based claims fail on a distinct waiver ground—

namely, the firm-waiver rule. "This court has adopted a firm waiver rule under

which a party who fails to make a timely objection to the magistrate judge's

findings and recommendations waives appellate review of both factual and legal

9

questions." *Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1119 (10th Cir. 2005). Although Mr. Chon filed three sets of timely objections to the R & R, none of them challenged the magistrate judge's (and, thus, the district court's) *Heck* determinations with regard to any of his claims *other than* the abuse-of-process claim discussed *supra.*[4]

There are two exceptions to the application of the firm-waiver rule: "(1) when a pro se litigant has not been informed of the time period for objecting and the consequences of failing to object, or when (2) the 'interests of justice' require review." *Id.* However, neither exception applies to Mr. Chon's case.

---

[4] Read generously, a single sentence in Mr. Chon's third objection to the magistrate judge's R & R might be construed as presenting an argument that the magistrate judge should not have applied the *Heck* doctrine to each of his civil-rights claims. R., Vol. II, at 190 ("Because the presented civil conspiracy abuses the trial process by depriving Chon of rights and privileges guaranteed under U.S. Constitution V and VI (i.e., due process, confrontation, etc.), Hence, "Heck" does not bar his §§ 1985(2) & (3) and 1986 actions."). We observe that "this court has repeatedly instructed that stray sentences like these are insufficient to present an argument." *Eizember v. Trammell*, 803 F.3d 1129, 1141 (10th Cir. 2015). Even construed liberally, Mr. Chon's one-sentence averment was not sufficient to put the district court on notice regarding the nature of his *Heck*-based challenge to the magistrate judge's resolution of his civil-rights claims. *See Lockert v. Faulkner*, 843 F.2d 1015, 1019 (10th Cir. 1988) (holding that district courts "should not have to guess what arguments an objecting party depends on when reviewing a magistrate's report"). It is well-settled law that "only an objection that is sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute will advance the policies behind the Magistrate's Act that led us to adopt a waiver rule in the first instance." *United States v. 2121 E. 30th St.*, 73 F.3d 1058, 1060 (10th Cir. 1996). Guided by the foregoing authority, we are not inclined to deviate from application of our firm-waiver rule based on Mr. Chon's one stray sentence.

The first exception is unavailing, as the magistrate judge clearly counseled Mr. Chon as to the applicable objection deadlines, and as to the consequences of failing to object to the conclusions reached in her R & R. R., Vol. II, at 168. The second exception is similarly foreclosed. Having requested (and received) a time extension, Mr. Chon was clearly aware of the deadlines to file objections. And, by raising *Heck* objections in the abuse-of-process context, Mr. Chon demonstrated he had the knowledge and ability to object when he desired to do so. Under these circumstances, we are disinclined to give Mr. Chon the benefit of the second exception. *See Duffield v. Jackson*, 545 F.3d 1234, 1238 (10th Cir. 2008) (declining to apply the second exception where plaintiff was aware of filing deadline and failed to adequately account for his failure to comply). In light of these facts, we are unpersuaded that the "interests of justice" exception militates in favor of declining to apply the firm-waiver rule.[5]

\*\*\*

---

[5] Even absent application of the firm-waiver rule, we would still not reach the merits of Mr. Chon's *Heck*-based arguments with respect to his civil-rights claims because—through inadequate appellate briefing—Mr. Chon has waived these arguments. *See, e.g.*, *Bronson*, 500 F.3d at 1104. Mr. Chon does not articulate *how* any of his civil-rights claims might survive *Heck*. He does not present argument as to how—for example, by operation of doctrines like inevitable discovery or harmless error, *Heck*, 512 U.S. at 487 n.7—his particular causes of action might *not* necessarily invalidate the bases of his conviction. Without the benefit of developed argumentation as to how Mr. Chon's many claims might fare under *Heck*, we "cannot make arguments for him," *United States v. Yelloweagl*e, 643 F.3d 1275, 1284 (10th Cir. 2011), and would not reach the issue.

11

In sum, Mr. Chon failed to preserve through inadequate appellate briefing his *Heck*-based contentions of reversible error with respect to the district court's ruling regarding his abuse-of-process claim and he cannot proceed on like arguments with respect to his civil-rights claims because they are barred by the firm-waiver rule. We therefore affirm the *Heck* aspect of the district court's judgment.

**IV**

Mr. Chon also contends that the district court failed to address his First Amendment retaliation claim. We tend to agree.

In his complaint, Mr. Chon alleged that various prison personnel at Lompoc FCI conspired to retaliate against him for "using the court system." R., Vol. II, at 30. The magistrate judge's R & R discussed the events at Lompoc FCI but only ruled on the related Eighth Amendment claim. *See id.* at 166–168. There was no explicit disposition of Mr. Chon's First Amendment retaliation claim. Mr. Chon twice objected to this oversight. First, on May 15, 2017, Mr. Chon filed an objection asserting that "[t]he magistrate overlooked" his § 1985 conspiracy claims, for, *inter alia*, "Claims I-VII" (Claim VII referred to the First Amendment retaliation claim). *Id.* at 176. Then, on June 14, 2017,[6] Mr. Chon renewed this

---

[6] Although Mr. Chon's third set of objections was filed on June 14, 2017, two days after the district court's extended deadline of June 12, 2017, Mr. Chon's filing was timely pursuant to the prison mailbox rule. FED. R. APP. P. 4(c)(1); *see also Prince v. Philpot*, 420 F.3d 1158, 1164 (10th Cir. 2005) (prison mailbox rule applies to an inmate's filing of a civil-rights complaint).

12

contention, specifically asserting that a retaliation claim existed under 42 U.S.C. § 1985. *See id.* at 190.

Mr. Chon's repeated request—that is, for the district court to address what the magistrate judge did not—apparently went unanswered. Although the district court acknowledged receipt of Mr. Chon's objections to the magistrate judge's recommendations, it adopted the R & R without modification—*viz.*, without apparently rectifying the magistrate judge's oversight in failing to consider the First Amendment retaliation claim. *See id.* at 195–196.

As Mr. Chon correctly observes, FEDERAL RULE OF CIVIL PROCEDURE 72(b)(3) requires the district court to "determine de novo any part of the magistrate judge's disposition that has been properly objected to." Aplt.'s Opening Br. at 8 (citing FED. R. CIV. P. 72(b)(3)); *see also* 28 U.S.C. § 636(b)(1)(C) (providing that "[a] judge of the court shall make a de novo determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made"). However, we can discern no indication in the record that the district court recognized Mr. Chon's First Amendment retaliation claim, much less assessed the magistrate judge's handling of it de novo.

Where a district court has failed to resolve a claim, we generally prefer to remand so that the court can address the claim in the first instance. *See Tabor v.*

13

*Hilti, Inc.*, 703 F.3d 1206, 1227 (10th Cir. 2013) ("Where an issue has not been ruled on by the court below, we generally favor remand for the district court to examine the issue."); *cf. Singleton v. Wulff*, 428 U.S. 106, 120 (1976) ("It is the general rule, of course, that a federal appellate court does not consider an issue not passed upon below."). It is certainly preferable for an appellate court considering a claim to have the benefit of "a reasoned district court decision resolving it." *Sylvia v. Wisler*, --- F.3d ----, 2017 WL 5622916, *14 (10th Cir. 2017).

Moreover, absent "unusual circumstances," we "ordinarily remand a case where there is a serious question whether the [district] court conducted the requisite de novo review" of the magistrate judge's report. *Duarte v. Hurley*, 185 F.3d 874, *1 (10th Cir. 1999) (unpublished). Remand is appropriate here because there is—at the very least—a serious question about whether the district court conducted the requisite de novo review of the magistrate judge's report and Mr. Chon's objections thereto with respect to Mr. Chon's First Amendment retaliation claim.

Nor are there unusual circumstances—such as the futility of remand—militating against the application of the general rule. Both Mr. Chon's operative complaint, *see* R., Vol. II, 30–32, and his appellate brief, Aplt.'s Opening Br. at 8, address the merits of his retaliation claim with citation to relevant authority. *Cf. United States v. Hardwell*, 80 F.3d 1471, 1492 (10th Cir.

14

1996) ("He has waived this issue by failing to make any argument or cite any authority to support his assertion."). And, while it is true that the district court dismissed a large number of defendants related to the Lompoc FCI incident on immunity-based grounds, it is unclear if all potential defendants would be shielded from liability with respect to Mr. Chon's First Amendment retaliation claim. In view of the circumstances present here, we cannot conclude that remand would be futile, and we are disinclined to delve into a merits-based evaluation of Mr. Chon's First Amendment retaliation claim without the benefit of a reasoned decision from the district court.

## V

For the foregoing reasons, we **REMAND** the case to the district court with instructions to **VACATE in part** its judgment and address in the first instance the merits of Mr. Chon's First Amendment retaliation claim, and **AFFIRM in part** the district court's judgment dismissing Mr. Chon's remaining claims under *Heck*.

Because we conclude that Mr. Chon has sufficiently demonstrated "the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal," *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991), we **GRANT** his request to proceed *in forma pauperis*. However, we

15

remind Mr. Chon that he must continue making payments until the entire balance of his appellate filing fee is paid.

ENTERED FOR THE COURT

Jerome A. Holmes
Circuit Judge