**FILED**
**United States Court of Appeals**
**Tenth Circuit**

# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

**March 6, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

_____

MICHAEL VILLECCO,

    Plaintiff - Appellant,

v.

DARCY RENEE KENNEDY, in her
official capacity as Deputy Executive
Director of the Colorado Department of
Labor and Employment; BRANDON
EARL JOCHIM, in his official capacity as
Appeals Section Support Staff, Colorado
Department of Labor and Employment;
JOANN L. MARTINEZ, in her official
capacity as Appeals Section Support Staff,
Colorado Department of Labor and
Employment; KARI DEE OMLAND, in
her official capacity as Chief Criminal
Investigator, Colorado Department of
Labor and Employment,

    Defendants - Appellees.

No. 25-1437
(D.C. No. 1:25-CV-00238-DDD-STV)
(D. Colo.)

_____

### ORDER AND JUDGMENT[*]

_____

Before **BACHARACH**, **McHUGH**, and **CARSON**, Circuit Judges.

_____

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

Plaintiff-Appellant Michael Villecco, proceeding pro se, appeals from a district court order dismissing his civil rights action and denying all pending motions. Mr. Villecco has not asserted an adequate factual or legal challenge to the district court's decision. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## I.    BACKGROUND

In 2020, Mr. Villecco lost his job and applied for unemployment benefits with the Colorado Department of Labor and Employment ("CDLE"). In 2021, the CDLE placed Mr. Villecco's benefits payments on a temporary hold, which became permanent in October 2024. Mr. Villecco then brought this 42 U.S.C. § 1983 lawsuit against four CDLE officials, alleging that the officials violated his Fourteenth Amendment due process rights by denying him the right to timely appeal the holds they imposed on his benefits payments.

In January 2025, the magistrate judge scheduled a status conference for April. Before that date, Mr. Villecco filed a motion requesting that the district judge recuse himself from the case because the district judge had previously written that Mr. Villecco "has initiated numerous, baseless lawsuits." ROA at 4. The district judge denied Mr. Villecco's motion, noting that his prior statement was "well borne out by the record" in the previous cases to which the statement referred. *Id.* Soon after, Mr. Villecco also notified the court that he did not intend to appear at the scheduling conference set by the magistrate judge. In a minute order, the magistrate judge reminded Mr. Villecco that, as the Plaintiff, he "bears the burden of prosecuting this suit." *Id.* "This responsibility includes attending all necessary court

hearings, such as Status Conferences, to determine the next steps in the case." *Id.* The magistrate judge further cautioned "that failure to appear may result in a recommendation that this matter be dismissed for failure to prosecute." *Id.* Mr. Villecco objected to the minute order, and the district court overruled his objection.

Mr. Villecco failed to appear at the status conference. As a result, the magistrate judge issued a recommendation that the case be dismissed for Mr. Villecco's failure to prosecute. The magistrate judge considered the prejudice Mr. Villecco's failure to prosecute had caused Defendants, the interference Mr. Villecco's actions had on the judicial system, Mr. Villecco's sole responsibility for his failure to attend hearings or otherwise comply with court orders, the prior warnings Mr. Villecco had received in this case and in others, and the fact that sanctions other than dismissal were unlikely to be effective because Mr. Villecco had "been largely unresponsive to orders from [the] Court." *Id.* at 54–55.

Mr. Villecco objected to the magistrate judge's recommendation and asked the district court to vacate the conclusions therein, "since the magistrate judge had no authority to enter them." *Id.* at 84. The district judge overruled Mr. Villecco's objection and dismissed the case. In the same order, the district judge denied all Mr. Villecco's motions that remained pending. Although these included a motion for discovery alleging that Defendants had engaged in fraud, a motion to vacate the magistrate judge's order scheduling a status conference, and a motion for an

injunction pending appeal, Mr. Villecco addresses only the denial of his motion to recuse on appeal. Accordingly, we limit our review to that order.

The district court entered final judgment on October 16, 2025. Mr. Villecco timely filed his notice of appeal on November 17, 2025.

## II.    ANALYSIS

Mr. Villecco appears pro se, so we liberally construe his filings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But even under this liberal standard, Mr. Villecco's brief falls short. Mr. Villecco states that the district judge had written "outside the case" that Mr. Villecco "has initiated numerous, baseless lawsuits." Appellant's Br. at 2. According to Mr. Villecco, the district judge's "opinion on the merits of the case on some basis other than what he learned from his participation in it resulted in unfair rulings and prejudiced an otherwise meritorious case and Appellant's ability to prosecute it." *Id.* at 3. Mr. Villecco's opening brief contains no other factual or legal assertions.

We cannot serve as an advocate or attorney for a pro se litigant by "constructing arguments and searching the record" on his behalf. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). "The first task of an appellant is to explain to us why the district court's decision was wrong." *Nixon v. City & Cnty. of Denver*, 784 F.3d 1364, 1366 (10th Cir. 2015). An appellant waives any arguments he does not adequately brief. *Adler v. Wal-Mart Stores Inc.*, 144 F.3d 664, 679 (10th Cir. 1998). "[I]t is the appellant's responsibility to tie the salient facts,

4

supported by specific record citation, to [his] legal contentions." *Schaede v. Boeing Co.*, No. 95-3068, 1995 WL 736464 (10th Cir. Dec. 13, 1995).[1] Even where the litigant proceeds pro se, "a brief must contain . . . more than a generalized assertion of error." *See Garrett*, 425 F.3d at 841 (quoting *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001)).

Mr. Villecco contends the district judge's prior statement warrants recusal, but he does not articulate any reason why he believes the judge applied the wrong law or otherwise erred. He does not explain how the district judge's statement prejudiced him to the point that he could not appear at hearings or comply with the magistrate judge's orders. Nor does he identify which rulings the district judge's failure to recuse rendered unfair. Indeed, Mr. Villecco does not even reference the reasons that the magistrate judge set forth for recommending dismissal: his failure to attend hearings and comply with court orders, the impact his failure to prosecute had on Defendants and the judicial system, and his sole responsibility for failing to prosecute his claim despite the court's warnings that dismissal could occur. He states only that the district judge issued "unfair rulings" and prejudiced his ability to prosecute his case. ROA at 3.

Even pro se appellants must allege sufficient facts on which a recognized legal claim can be based; conclusory allegations will not suffice. *Hall*, 935 F.2d at 1110.

---

[1] We cite unpublished cases for their persuasive value only and do not treat them as binding authority. *See United States v. Ellis*, 23 F.4th 1228, 1238 n.6 (10th Cir. 2022).

Because Mr. Villecco failed to articulate any factual or legal argument on appeal, he has forfeited appellate review. *See Garrett*, 425 F.3d at 840.

## III. CONCLUSION

For the foregoing reasons, we AFFIRM the district court's order dismissing this action.

Entered for the Court

Carolyn B. McHugh
Circuit Judge